STATE of Wisconsin, Appellant,

v.

BLACK STEER STEAK HOUSE, INC., Respondent.

Court of Appeals

*No. 80–1764–CR. Submitted on briefs March 24, 1981.—Decided May 26, 1981.*
(Also reported in 307 N.W.2d 328.)

For the appellant the cause was submitted on the brief of *Rodney A. Zemke,* district attorney, of Eau Claire.

DARD DOLLARS LAWFUL MONEY' (Tendering in Federal Reserve Notes accepted under duress)."

For the respondent the cause was submitted on the brief of *Betz, LeBarron & Poquette* of Eau Claire.

Before Foley, P.J., Dean, J., and Moser, J.[1]

FOLEY, P.J. The State of Wisconsin[2] appeals the dismissal of its criminal complaint against Black Steer Steak House, Inc., for Black Steer's violation of the credit restrictions imposed by sec. 176.05(23)(c), Stats.,[3] on retail liquor licensees. The parties have stipulated that there is a factual basis for the charge, and the only issue is whether sec. 176.05(23)(c) violates the equal protection clause of the fourteenth amendment to the United States Constitution. Because the resolution of this case does not depend on findings of adjudicative facts, this court will not defer to a trial court's determination that the statute was unconstitutional. *See Clark Oil & Refining Corp. v. City of Tomah*, 30 Wis.2d 547, 552–53, 141 N.W.2d 299, 302 (1966). We conclude that Black Steer has not overcome the presumption of the constitutional validity of sec. 176.05(23)(c).

Section 176.05(23)(c) limits the right of retail liquor licensees to purchase intoxicating liquors on credit from liquor wholesalers. A licensee who has been indebted for more than thirty days for intoxicants purchased from any wholesaler may not make any liquor purchases. A violation subjects the licensee to license suspension or revocation and a fine of up to $500.

---

[1] The appeal is subject to the provisions of §752.31(2), Stats. It is decided by a 3-judge panel pursuant to §809.41(3), Stats.

[2] Pursuant to §59.47(7), Stats., the district attorney for Eau Claire County represents the state on this appeal.

[3] Section 176.05(23)(c), Stats., provides:

No retail licensee shall receive, purchase or acquire intoxicating liquors directly or indirectly from any permittee if at the time of such receipt, purchase or acquisition he is indebted to any permittee for intoxicating liquors received, purchased, acquired or delivered more than 30 days prior thereto.

Black Steer contends that sec. 176.05(23)(c) unconstitutionally discriminates against it in violation of the equal protection clause of the fourteenth amendment to the United States Constitution. The state argues that even though the statute discriminates against Black Steer, it is not unconstitutional because a rational basis for the discrimination exists. The parties agree that because no suspect class or fundamental right is involved, the statute is subject to the rational basis[4] rather than the strict scrutiny[5] test.

Because sec. 176.05(23)(c) is presumptively constitutional, *see Sigma Tau Gamma Fraternity House Corp. v. City of Menomonie,* 93 Wis.2d 392, 414, 288 N.W.2d 85, 95 (1980), Black Steer has the burden of proving that it is unconstitutional beyond a reasonable doubt. *See Wisconsin Bingo Supply and Equipment Co. v. Wisconsin Bingo Control Board,* 88 Wis.2d 293, 301, 276 N.W.2d 716, 719 (1979). Where doubt exists, it must be resolved in favor of constitutionality. *Moedern v. McGinnis,* 70 Wis.2d 1056, 1068, 236 N.W.2d 240, 246 (1975). If any fact can be conceived in the mind of the court to provide a reasonable basis for the legislative classification, the court will attribute to the legislature the requisite diacritical reliance on that fact in passing the statute. *See Chicago & North Western Ry. Co. v. La Follette,* 43 Wis.2d 631, 647–48, 169 N.W.2d 441, 449 (1969).

[4] *Schweiker v. Wilson,* —— U.S. ——, 101 S. Ct. 1074, 1080–81 (1981); *Turner v. Fouche,* 396 U. S. 346, 362 (1970); *McGowan v. Maryland,* 366 U.S. 420, 426 (1961); *State v. Asfoor,* 75 Wis.2d 411, 440, 249 N.W.2d 529, 542 (1977); *Omernik v. State,* 64 Wis.2d 6, 18–19, 218 N.W.2d 734, 741–42 (1974); *County of Milwaukee v. Proegler,* 95 Wis.2d 614, 630–31, 291 N.W.2d 608, 615–16 (Ct. App. 1980).

[5] *Roe v. Wade,* 410 U.S. 113, 155 (1973); *State ex rel. Strykowski v. Wilkie,* 81 Wis.2d 491, 506–07, 261 N.W.2d 434, 441–42 (1978).

The fact providing the reasonable basis for the passage of sec. 176.05(23)(c) is that particular evils may be associated with monopolistic practices in the liquor industry. Credit is a financial inducement that may lead to monopolistic control. *See Weisberg v. Taylor,* 409 Ill. 384, 100 N.E.2d 748, 750–51 (1951). The limitation of credit reasonably furthers the statutory goal of deterring monopolistic control.

Since the repeal of the eighteenth amendment to the United States Constitution, the United States Congress and several states have enacted laws designed to prevent large liquor interests from exerting control over liquor retailers. *See* 27 U.S.C.A. §205 (West Supp. 1981); *Levers v. Berkshire,* 151 F.2d 935, 938 (10th Cir. 1945); *Weisberg,* 409 Ill. at 388, 100 N.E.2d at 750; *Neel v. Texas Liquor Control Board,* 259 S.W.2d 312, 316 (Tex. Civ. App. 1953). These laws are designed to prevent an evil that was formerly prevalent in the liquor industry before prohibition known as "tied house." *See Neel,* 259 S.W.2d at 316. The "tied house" laws keep the different levels of the liquor industry separate, thereby preventing monopolization of retailers.

The mere fact that other states and Congress have enacted similar laws does not, of course, make sec. 176.05 (23)(c) constitutional.[6] We accept, however, as a logical assumption from recognized historical fact, that there are particular evils associated with monopolistic practices in the liquor industry. The state is not required to verify a logical assumption with statistical evidence.

[6] Or, as stated by Oliver Wendell Holmes in Holmes, *The Path of the Law,* 10 HARV. L. REV. 457, 469 (1897):

It is revolting to have no better reason for a rule of law than that so it was laid down in the time of Henry IV. It is still more revolting if the grounds upon which it was laid down have vanished long since, and the rule simply persists from blind imitation of the past.

*Hughes v. Alexandria Scrap Corp.*, 426 U.S. 794, 812 (1976). In addition, because the court cannot try the legislature, the court must consider any fact necessary to uphold the statute to have been conclusively found by the legislature. *Chicago & Northwestern Ry. Co.*, 43 Wis.2d at 648, 169 N.W.2d at 449. The court must therefore assume that the legislature conclusively found particular evils associated with liquor industry monopolies. Since Black Steer has not shown the nonexistence of this fact, Black Steer has not proven beyond a reasonable doubt that the statute violates the equal protection clause of the fourteenth amendment.[7]

*By the Court.*—Order reversed and cause remanded.

---

[7] Although it does not control our decision, we recognize that the states may exercise broader police powers over the liquor industry pursuant to the twenty-first amendment to the United States Constitution. *See California v. LaRue*, 409 U.S. 109, 114–15 (1972). *See also Craig v. Boren*, 429 U.S. 190, 207 (1976) (noting the strengthened state authority under the twenty-first amendment, although striking down Oklahoma gender-based statute as violating equal protection).