STATE of Wisconsin EX REL. George BROCKWAY,
Petitioner--Appellant,

v.

MILWAUKEE COUNTY CIRCUIT COURT, BRANCH #12, Hon.
Robert J. Miech, Presiding, Respondent.†

Court of Appeals

*No. 80–1803. Submitted on briefs September 9, 1981.—
Decided October 12, 1981.*
(Also reported in 313 N.W.2d 845.)

For the appellant the cause was submitted on the briefs of *Nicholas J. Bertha,* of Milwaukee.

For the respondent the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *Andrew L. Somers,* assistant attorney general.

Before Decker, C.J., Moser, P.J., and Randa, J.

DECKER, C.J. This appeal challenges the authority of a judge, when discharging a defendant at a preliminary examination, to order him held in custody, or on

† Petition to review denied.

bail, pending institution of new proceedings. We conclude that the judge is authorized to do so by sec. 971.-31(6), Stats., and affirm.

George Brockway was charged with burglary and confined because he was unable to post a $500 cash bail bond. A preliminary hearing was held, and at the close of evidence the judge dismissed the case on defense motion because the state failed to establish probable cause that a felony had been committed by Brockway. On motion of the state, the judge ordered a continuance of Brockway's bail pursuant to sec. 971.31(6), Stats., apparently giving the state 72 hours[1] for the filing of a new complaint. A new complaint was filed, and a new preliminary hearing was held that same day, at which the state offered proof upon which the second judge found probable cause that Brockway committed a felony.

Brockway sought a writ of habeas corpus in the circuit court from Judge Miech, alleging that the judge presiding at the second preliminary hearing never attained personal jurisdiction because that action was instituted while Brockway was illegally held following dismissal of the first action. Brockway's contention is that sec. 971.31(6), Stats., does not authorize continuance of bail where a court grants a motion to dismiss based on insufficiency of proof at a preliminary hearing. Judge Miech rejected this contention and so do we.

Section 971.31(6), Stats., provides:

If the court grants a motion to dismiss based upon a defect in the indictment, information or complaint, or in the institution of the proceedings, it may order that the defendant be held in custody or that his bail be

---

[1] In argument to the court in connection with the application for habeas corpus relief, it appears that the judge who conducted the first preliminary examination may have detained Brockway after discharge until 5 p.m. the day of the hearing.

continued for not more than 72 hours pending issuance of a new summons or warrant or the filing of a new indictment, information or complaint.

Our supreme court held in *Blackwell v. State,* 42 Wis. 2d 615, 625–26, 167 N.W.2d 587, 592–93 (1969), that the predecessor to sec. 971.31(6), Stats.,[2] authorized a period of time during which a defendant may be held in custody or have his bail continued pending issuance of a new warrant. In that case, the statute was invoked upon dismissal due to a defect in the complaint, a circumstance specifically mentioned in the statute. Brockway contends that because the statute does not specifically mention dismissal due to insufficient proof of probable cause at a preliminary hearing, the statute does not authorize a holdover in this circumstance. We disagree.

A complaint stating probable cause to believe the defendant committed the charged crimes gives the trial court personal jurisdiction over the defendant, and if the complaint is defective, the court lacks personal jurisdiction. *Ritacca v. Kenosha County Court,* 91 Wis. 2d 72, 82, 280 N.W.2d 751, 756 (1979). Section 971.31(6), Stats., expressly extends personal jurisdiction after dismissal due to a defective complaint, as noted in *Blackwell, supra.*

A preliminary examination determines whether further criminal proceedings are justified. *Organ v. State,*

---

[2] The predecessor to sec. 971.31(6), Stats., was sec. 955.09(6), which is identical to sec. 971.31(6) except it did not contain a 72-hour limitation:

If the court grants a motion to dismiss based on a defect in the indictment, information or complaint, or in the institution of the proceedings, it may order that the defendant be held in custody or that his bail be continued for a specified time pending issuance of a new summons or warrant or filing of a new indictment, information or complaint.

This time limitation was added by sec. 63, ch. 255, Laws of 1969, effective July 1, 1970.

65 Wis. 2d 36, 44, 221 N.W.2d 823, 829 (1974). In *Black-well,* our supreme court recognized the authority of the Wisconsin legislature to provide for continuation of personal jurisdiction for a limited period of time for re-institution of proceedings. To apply this authority to jurisdictional errors arising out of a defective complaint and not to jurisdictional errors arising out of insufficient proof of probable cause at a preliminary examination is an absurd result we will not read into sec. 971.31(6), Stats.

In Wisconsin, discharge upon a preliminary examination has the effect of discharge from the complaint upon which the preliminary examination was held. *Tell v. Wolke,* 21 Wis. 2d 613, 618, 124 N.W.2d 655, 658 (1963). Section 971.31(6), Stats., expressly authorizes holdover upon discharge from a complaint. The effect of a defect is the same under either circumstance, and we can conceive of no reason to limit the statute's operation to discharges due to a defect in the complaint, thereby excluding discharges due to a defect in proof at the preliminary examination.

Brockway further contends that insufficient proof of probable cause at a preliminary examination that he committed a felony is not "a defect . . . in the institution of the proceedings." We disagree.

In addressing this contention, we note that the provisions of chs. 968 to 971 to which we refer are parts of the criminal procedure code which we are obliged to interpret as a unit. Sec. 967.01, Stats.

An unreasonable or absurd result from statutory construction is to be avoided. The interpretation of statutory words is a question of law and our purpose is to effectuate the intent of the legislature, if not clearly expressed on the face of the statute. Statutes with respect to the same subject matter, criminal procedure, should be read together and harmonized. Specifically, the legis-

lature has commanded us to do so with respect to the criminal procedure code. Sec. 967.01, Stats.

The manner of commencement of criminal proceedings by complaint and warrant or summons or arrest upon reasonable grounds that the arrested person is committing or has committed a crime is prescribed in ch. 968, Stats., entitled Commencement of Criminal Proceedings. Arrest of a defendant by warrant or appearance in response to a summons is preceded by the issuance of a complaint. Arrest without a warrant requires that a complaint be filed forthwith. Sec. 970.01, Stats.

Chapter 970, Stats., is entitled "Criminal Procedure— Preliminary Proceedings," and requires an initial appearance of an arrested person like Brockway before a judge. Section 970.03 also provides a statutory, not constitutional, preliminary examination within 20 days.[3] If the defendant is discharged at the preliminary examination, sec. 970.04 authorizes the district attorney to file another complaint if he has or discovers additional evidence.

Chapter 971, Stats., is entitled "Criminal Procedure— Proceedings Before And At Trial." Section 971.01(2) requires the district attorney to file an information charging the defendant according to the evidence received at the preliminary examination. The information must be filed within 30 days after the preliminary examination. The information informs the defendant of the charge upon which he is to be tried.

Although a criminal proceeding is dismissed because of a defect in the information, sec. 971.31(6), Stats., authorizes a trial court to hold the defendant in custody or on bail for 72 hours pending issuance of a new summons or warrant or the filing of a new indictment, information, or complaint.

We believe it self-evident that the authorized detention period is to enable the district attorney "to return to

---

[3] The petition alleges that Brockway was held on $500 bail.

square one" and start over if the defect is in any document or proceeding in the commencement and institution of the proceedings at least until the determination of the motions before trial prescribed in sec. 971.31, Stats.

It would indeed be absurd to interpret the statute to permit detention after the information is successfully challenged, but not permit detention after an earlier stage of the proceeding, a preliminary examination, is concluded favorably to the defendant.

*By the Court.*—Order affirmed.