STATE of Wisconsin, Plaintiff-Appellant and Cross-Respondent,

v.

KAY DISTRIBUTING CO., INC., Defendant-Respondent and Cross-Appellant.

Court of Appeals

No. 82–715–CR. Submitted on briefs October 18, 1982.— Decided November 23, 1982. (Also reported in 327 N.W.2d 188.)

For the appellant the cause was submitted on the briefs of *Bronson C. La Follette,* attorney general, and *James C. McKay, Jr.,* assistant attorney general.

For the cross-appellant the cause was submitted on the briefs of *Sigman, Shiff, Janssen, Stack & Wenning, Thomas J. Janssen* and *Richard J. Knight* of Appleton.

For the respondent the cause was submitted on the brief of *Sigman, Shiff, Janssen, Stack & Wenning, Thomas J. Janssen* and *Richard J. Knight* of Appleton.

For the cross-respondent the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *James C. McKay, Jr.,* assistant attorney general.

Before Foley, P.J., Dean and Cane, JJ.

CANE, J. The state appeals from a judgment[1] dismissing the criminal complaint charging Kay Distributing Company, Inc., with violating sec. 66.054(8a)(i), Stats.[2] We affirm dismissal of the complaint only as to

[1] For purposes of this appeal, we are construing the trial court's decision as a judgment because it constitutes the court's final ruling. *See Estate of Baumgarten,* 12 Wis. 2d 212, 220–21, 107 N.W.2d 169, 174 (1961).

[2] Section 66.054(8a)(i), Stats., which was in effect at the time the state issued the complaint against Kay, provides:

Prices charged by a wholesaler of fermented malt beverages shall be the same for all retailers making purchases in similar quantities from the wholesaler, regardless of whether the retailer is a class "A" or class "B" licensee. *Any discount offered on fermented malt beverages must be delivered to the retailer in a single transaction and single delivery, and on a single invoice.* [Emphasis added.]

Chapter 79, 1981 Wis. Laws, repealed § 66.054, Stats., and enacted § 125.33(2), Stats., effective July 1, 1982, which provides:

Volume Discounts to Retailers. Wholesalers of fermented malt beverages shall charge the same price to all retailers making purchases in similar quantities, regardless of whether the retailer is a Class "A" or Class "B" licensee or permittee. *Any discount offered on fermented malt beverages shall be delivered to the re-*

counts one and three. Because we conclude that sec. 66.054(8a)(i) is not unconstitutionally vague and that counts two and four of the complaint are sufficient to establish probable cause, we reverse and remand for trial.

Kay is a wholesaler of fermented malt beverages. The state issued a criminal complaint against Kay charging it with four counts of selling similar quantities of fermented malt beverages at different prices to different retailers, contrary to sec. 66.054(8a)(i). Kay filed a motion to dismiss the complaint on the grounds that it does not allege a crime under sec. 66.054(8a)(i) and that sec. 66.054(8a)(i) is unconstitutionally vague because the meaning of "similar quantities" is ambiguous. The trial court concluded that the statute is unconstitutionally vague and dismissed the complaint.

The state initially argues that the trial court prematurely considered the question of whether sec. 66.054 (8a)(i) is unconstitutionally vague because there is no factual record on which to base a determination whether Kay had notice that its conduct was within the statute's prohibitions. We disagree. A statute challenged on vagueness grounds for lack of notice must be examined in light of the conduct with which the defendant is charged. *United States v. National Dairy Products Corp.*, 372 U.S. 29, 33 (1963). Allegations concerning Kay's conduct contained in the criminal complaint provide an adequate factual basis to determine the constitutional question of whether sec. 66.054(8a)(i) afforded sufficient notice to Kay that its conduct was proscribed. *See id.*[3] The trial court's determination of the consti-

---

*tailer in a single transaction and single delivery, and on a single invoice.* [Emphasis added.]

[3] In *United States v. Nat'l Dairy Products Corp.*, 372 U.S. 29 (1963), the United States Supreme Court reviewed a decision in which the trial court granted the defendant's motion to dismiss an

tutional question and our review of that decision are therefore not premature.

The state also asserts that the trial court erred in deciding that sec. 66.054(8a)(i) is unconstitutionally vague. The state contends that the phrase "similar quantities" contained in sec. 66.054(8a)(i) is not inherently ambiguous and that the statute is therefore sufficiently precise to afford notice of the prohibited conduct to those who wish to avoid its penalties.

Legislative acts are presumptively constitutional, and one attacking a statute's validity has the burden of demonstrating its unconstitutionality beyond a reasonable doubt. *Wisconsin Bingo Supply & Equipment Co. v. Wisconsin Bingo Control Board,* 88 Wis. 2d 293, 301, 276 N.W.2d 716, 719 (1979). Every presumption must be indulged to sustain the law if possible, and all doubts must be resolved in favor of constitutionality. *Moedern v. McGinnis,* 70 Wis. 2d 1056, 1068, 236 N.W.2d 240, 246 (1975). Because the resolution of whether sec. 66.054 (8a)(i) is constitutional does not depend on findings of adjudicative facts, it is a question of law. We therefore will not defer to a trial court's determination that the statute is unconstitutional. *See State v. Black Steer Steak House, Inc.,* 102 Wis. 2d 534, 535, 307 N.W.2d 328, 329 (Ct. App. 1981).

A criminal statute is unconstitutionally vague if it fails to afford proper notice of the conduct it seeks to pro-

indictment on the ground that the statute under which the defendant was charged was unconstitutionally vague. The court stated that it was required to accept the allegations of the indictment as the hypothesis for its decision, and it reviewed the constitutional question with reference to the defendant's conduct as alleged in the indictment. For purposes of our review of whether § 66.054(8a)(i) is unconstitutionally vague, we accept the allegations in the complaint as the hypothesis for our determination.

scribe, or if it encourages arbitrary or erratic arrests and convictions. *City of Milwaukee v. Wilson,* 96 Wis. 2d 11, 16, 291 N.W.2d 452, 456 (1980). The standard for determining vagueness of a penal statute is whether the statute is so obscure that persons of ordinary intelligence must necessarily guess as to its meaning and differ as to its application.[4] *State v. Zwicker,* 41 Wis. 2d 497, 507, 164 N.W.2d 512, 517 (1969). A statute will not be invalidated for vagueness unless there appears some ambiguity in the gross outlines of the conduct proscribed, and it is insufficient to show merely that the boundaries of the area of the prohibited conduct are somewhat hazy. State v. Courtney, 74 Wis. 2d 705, 711, 247 N.W.2d 714, 718–19 (1976). A reasonable degree of certainty is all that is constitutionally required, and it is not unfair that one who deliberately goes perilously close to an area of proscribed conduct shall take the risk that he may cross the line. *Id.*

■

We conclude that the trial court erred in finding sec. 66.054(8a)(i) unconstitutionally vague. The fact that sec. 66.054(8a)(i) contains no definition of "similar quantities" does not render the statute vague, since statutory language may have a sufficiently definite meaning because of its common usage. *State v. Vlahos,* 50 Wis. 2d 609, 616, 184 N.W.2d 817, 820 (1971). Because "simi-

---

[4] The state contends that the trial court erred because it employed the standard used to determine whether a civil statute is unconstitutionally vague. Because § 66.054(8a)(i) is a penal statute, the appropriate standard to assess whether it is void for vagueness is the standard set forth in *State v. Zwicker,* 41 Wis. 2d 497, 507, 164 N.W.2d 512, 517 (1969). Even if the trial court erred, however, such error was harmless because if the trial court found § 66.054(8a)(i) unconstitutionally vague under the standard utilized for civil statutes, it probably would have concluded that the statute was vague under the more rigid standard employed for criminal statutes.

lar quantities" is not defined, we presume that the common and approved usage of those words is the usage the legislature intended. *See* sec. 990.01(1), Stats.; *see also State v. Ehlenfeldt*, 94 Wis. 2d 347, 356, 288 N.W.2d 786, 790 (1980). The common and approved meaning can be ascertained by reference to a recognized dictionary. *Interest of B.M.*, 101 Wis. 2d 12, 18, 303 N.W.2d 601, 605 (1981). Webster's New Collegiate Dictionary 1082 (1977) defines "similar" as "having characteristics in common . . . strictly comparable . . . alike in substance or essentials . . . corresponding." "Quantity" is defined as "total amount or number." *Id.* at 944. The words "similar quantities" are not so inherently vague or incomprehensible that a person of ordinary intelligence would be unaware of their meaning, *see Ehlenfeldt*, 94 Wis. 2d at 356, 288 N.W.2d at 790, and their common usage affords a sufficiently certain meaning to wholesalers to whom the statute is directed.

Kay nevertheless argues and the trial court agreed that sec. 66.054(8a)(i) is ambiguous because a wholesaler has no way of knowing in advance of a sale whether quantities will subsequently be judged as similar. Although the application of sec. 66.054(8a)(i) to marginal cases may be uncertain, the statute by its terms will unquestionably apply to certain conduct. The statute therefore does not lack a "core" of discernible meaning, *see State ex rel. Skinkis v. Treffert*, 90 Wis. 2d 528, 538, 280 N.W.2d 316, 321 (Ct. App. 1979), nor is it vague "in the sense that no standard of conduct is specified at all." *See Smith v. Goguen*, 415 U.S. 566, 578 (1974).

Kay also cites hypothetical situations to support its assertion that sec. 66.054(8a)(i) is unconstitutionally vague because it fails to specify what items will be compared and over what period sales will be judged to determine if the sales involved similar quantities. Because we conclude that conduct with which Kay is charged

clearly falls within the zone of conduct that sec. 66.054 (8a) (i) prohibits, however, Kay may not hypothesize situations that might raise questions concerning the statute's applicability. *See Butala v. State,* 71 Wis. 2d 569, 575, 239 N.W.2d 32, 35 (1976).

Counts two and four in the complaint allege facts to demonstrate that Kay sold at different prices two corresponding or comparable quantities of an identical brand of beer packaged in the same manner to two retailers within one day.[5] Such conduct is clearly within the "core" of conduct proscribed by sec. 66.054(8a) (i), and Kay therefore had notice that this conduct was within the statute's prohibitions.

Kay argues that the trial court erroneously interpreted "similar" to mean "comparable" rather than "identical."[6] The interpretation of statutory words is a question of law, *State ex rel. Brockway v. Milwaukee County Circuit Court,* 105 Wis. 2d 341, 344, 313 N.W.2d 845, 847 (Ct. App. 1981), and we are not bound by the trial court's conclusion of law. *First National Leasing Corp. v. City of*

[5] Count one of the complaint against Kay alleges that from July 1, 1981, through July 3, 1981, Kay sold 50 cases of 24 12-ounce bottles of beer to a retailer at a discount and sold 50 cases of 24 12-ounce bottles of the same brand of beer to a second retailer at no discount. Count two alleges that on July 3, 1981, Kay sold 276 12-packs of 12-ounce cans of beer to one retailer at a discount and sold 336 12-packs of 12-ounce cans of the same brand of beer to a second retailer at no discount. Count three alleges that on July 3, 1981, Kay sold 20 12-packs of 12-ounce cans of beer at a discount to one retailer and sold 10 12-packs of 12-ounce cans of the same brand of beer to a different retailer at no discount. Count four alleges that on July 8, 1981, Kay sold 30 cases of 24 12-ounce bottles of beer to one retailer at a discount, and sold 25 cases of 24 12-ounce bottles of the same beer to a second retailer to whom Kay gave no discount.

[6] Black's Law Dictionary 1554 (rev. 4th ed. 1968) defines "similar" as: "[n]early corresponding; resembling in many respects . . . [a]lso, sometimes exactly alike; identical. . . ."

*Madison,* 81 Wis. 2d 205, 208, 260 N.W.2d 251, 253 (1977).

We conclude that the trial court's interpretation was not erroneous. A word may have a variety of recognized meanings, and its precise meaning must be found in its context and relation to the statute's subject matter. *Lukaszewicz v. Concrete Research, Inc.,* 43 Wis. 2d 335, 342, 168 N.W.2d 581, 585 (1969). Section 66.054(8a)(i) is part of a series of provisions that regulate licenses for fermented malt beverages and the relationship between wholesalers and retailers. *See, e.g.,* sec. 66.054 (4)(a), Stats. Because the provisions of sec. 66.054 deal with the same subject matter, they must be harmoniously construed. *See Muskego-Norway Consolidated Schools v. WERB,* 35 Wis. 2d 540, 556, 151 N.W.2d 617, 625 (1967).

Section 66.054 has been interpreted as evincing a legislative intent that the fermented malt beverage industry be divided into three separate levels: manufacturer, distributor, and retailer. 61 Op. Att'y. Gen. 68, 69 (1972). This division is designed to prevent "tied-house" relationships in which brewers, bottlers or wholesalers of fermented malt beverages have control over retail outlets. *See id.*

The language of sec. 66.054 and specifically subsection (8a)(i) indicate that the legislature intended to prohibit wholesalers from acquiring an interest in or control over a retailer's business by offering selective discounts. If similar quantities meant "identical quantities," a wholesaler could easily circumvent the statute's underlying purpose by, for example, selling fifty cases of beer to one retailer at a discount and forty-nine cases of beer to another retailer at no discount. A determination that "similar" in sec. 66.054(8a)(i) means "comparable" and not "identical" therefore effectuates the legislative intent, which is the purpose of statutory construction. *See*

*State v. Smith,* 103 Wis. 2d 361, 365, 309 N.W.2d 7, 9 (Ct. App. 1981), *aff'd* 106 Wis. 2d 17, 315 N.W.2d 343 (1982).

Kay also asserts that the complaint should be dismissed because it fails to allege facts sufficient to believe Kay committed a crime. Kay argues that the quantities cited in each count in the complaint are not even somewhat alike and therefore are not "similar" under sec. 66.054(8a)(i).

We conclude that the complaint is sufficient as to counts two and four because they contain all elements of the crime charged and state facts sufficient to establish probable cause that Kay violated sec. 66.054(8a)(i). *See State v. Becker,* 51 Wis. 2d 659, 662, 188 N.W.2d 449, 451 (1971). Each count states who is charged, when and where the offense allegedly occurred, why Kay is charged, and "who says so." *See id.* at 663, 188 N.W.2d at 451. Although count two compares quantities of 276 twelve-packs and 336 twelve-packs, it alleges the important additional fact that Kay sold the 276 twelve-packs at a discount but gave no discount to the retailer who purchased the 336 twelve-packs. Counts two and four therefore properly allege the commission of a crime under sec. 66.054(8a)(i).[7]

Counts one and three should be dismissed because they do not allege facts sufficient to establish probable cause that Kay violated the statute. Although count one alleges that Kay sold identical quantities of beer to two retailers at different prices, it compares a quantity in one delivery to a quantity derived from separate deliv-

---

[7] A determination that Kay violated § 66.054(8a)(i) is dependent upon further factual development, which is beyond the scope of appellate review.

eries and invoices.[8]  Section 66.054(8a)(i) provides that discounts must be delivered to the retailer in a single transaction and single delivery, and on a single invoice. When the statute is read in its entirety, it is reasonable to conclude that without additional factual allegations, quantities compared for purposes of charging under this provision must also be those derived from single transactions, deliveries, and invoices. Count one contains no additional factual allegations that would lead a fair-minded magistrate to reasonably conclude that further criminal proceedings are justified.[9]  *See id.* at 662–63, 188 N.W.2d at 451.

Count three also contains insufficient factual allegations to establish probable cause that Kay violated sec. 66.054(8a)(i). Count three compares two quantities that could not reasonably be construed as "similar quantities" under the statute,[10] and no additional facts are alleged

[8] The probable cause section of the complaint alleges that: On July 1, 1981, Kay sold 50 cases of 24 12-ounce bottles of beer to one retailer at a discount; on July 1, 1981, Kay sold 35 cases of 24 12-ounce bottles of the same brand of beer to a second retailer at no discount; on July 3, 1981, a separate invoice demonstrates that Kay sold 15 cases of 24 12-ounce bottles of the same brand of beer to the second retailer, again at no discount. Count one combines the 35 cases and the 15 cases sold to the second retailer and compares that total to the 50-case quantity Kay sold to the first retailer.

[9] We do not imply that for purposes of charging under § 66.054 (8a)(i) the state could never compare a quantity in one delivery or invoice to a quantity derived from multiple deliveries or invoices. For example, the state might allege additional facts demonstrating that the wholesaler divided one sale into multiple deliveries or invoices to avoid giving the discount in order to circumvent the statute. Such additional facts might then support both the comparison of a quantity in one transaction, delivery, and invoice to one derived from multiple deliveries or invoices, and a determination that there is probable cause to believe the wholesaler violated § 66.054(8a)(i).

[10] The specific quantities compared are 20 12-packs of 12-ounce cans and 10 12-packs of 12 ounce cans.

that would establish probable cause. We therefore affirm the trial court's dismissal of the complaint as to counts one and three.

*By the Court.*—Judgment affirmed in part, reversed in part, and cause remanded.