STATE of Wisconsin, Plaintiff-Respondent,
v.

Richard HURD, Defendant-Appellant.

Court of Appeals.

*No. 86–0558–CR. Submitted on briefs August 1, 1986.—Decided
November 18, 1986.*

(Also reported in 400 N.W.2d 42.)

For defendant-appellant, Richard Hurd, briefs were submitted by *Glenn L. Cushing,* asst. state public defender, of Madison.

For plaintiff-respondent, State of Wisconsin, brief was submitted by *LaVerne Michalak,* district attorney, Whitehall.

Before Cane, P.J., LaRocque and Myse, JJ.[1]

MYSE, J.   Richard Hurd appeals from a judgment convicting him of failing to report suspected child abuse and from an order denying his motion for postconviction relief. Hurd argues that the charging statute is unconstitutionally vague, that the trial court erred by failing to instruct the jury on an element of the offense, and that there was insufficient evidence to convict. We conclude that the challenged statute is constitutional and that there was sufficient evidence to convict. How-

---

[1] Upon order of the Chief Judge, this has been issued as a three-judge opinion pursuant to sec. 809.41(3), Stats.

ever, because the trial court's error in failing to instruct on an element of the offense violated Hurd's constitutional right to due process, the judgment and order are reversed and the cause remanded for a new trial.

Richard Hurd is the administrator of the Berean Christian Ranch and the Berean School. In 1984, six boys resided at the youth ranch with ages ranging from seven to nineteen. Also residing at the ranch were two adults, Kenneth Murray, a young counselor, and Tom Chrystal. Chrystal was convicted of sexually assaulting certain boys at the youth ranch. Hurd was charged with failing to report suspected child abuse contrary to sec. 48.981, Stats.

At Hurd's trial, Murray testified that he had informed Hurd several times that Chrystal was making "advances" toward the boys. Murray stated further that after witnessing an incident in which Chrystal was lying on top of one of the boys with his pants down, he told Hurd that he had personally observed one of the "advances" and that he wanted something done about it. One of the boys also testified that he had informed Hurd of a sexual assault by Chrystal. The jury convicted Hurd of the offense.

Hurd first challenges the constitutionality of the charging statute, sec. 48.981. He claims that the statute's undefined phrase "reasonable cause to suspect" is ambiguous and vague.[2] As a result, he argues that the

---

[2] Hurd challenges the constitutionality of sec. 48.981 on other grounds. He claims that the statute's undefined phrase "reason to believe" is also vague and fails to notify a person of ordinary intelligence of the conduct required by the statute. The statute's use of "reason to believe" is distinctly tied to those circumstances in which it is probable a child is threatened with abuse. Section 48.981(2), (3)(a), Stats. Hurd was neither charged nor convicted under this

270

statute fails to notify a person of ordinary intelligence of the conduct required by the statute. We disagree.

There is a strong presumption favoring the constitutionality of a statute, and if possible, a reviewing court will interpret a statute to preserve it. *State v. Popanz*, 112 Wis. 2d 166, 172, 332 N.W.2d 750, 753 (1983). Nevertheless, due process mandates that a "criminal statute must be sufficiently definite to give a person of ordinary intelligence who seeks to avoid its penalties fair notice of the conduct required or prohibited." *Id.* at 173, 332 N.W.2d at 754. The proper test for determining whether a statute is impermissibly vague was recently set forth by our supreme court in *Popanz*:

> Before a court can invalidate a statute on grounds of vagueness, it must conclude that "some ambiguity or uncertainty in the gross outlines of the duty imposed or conduct prohibited" appears in the statutes, "such that one bent on obedience may not discern when the region of proscribed conduct is neared, or such that the trier of fact in ascertaining guilt or innocence is relegated to creating and applying its own standards of culpability rather than applying standards prescribed in the statute or rule."

*Id.* (quoting *State v. Courtney*, 74 Wis. 2d 705, 711, 247 N.W.2d 714, 719 (1976).

Section 48.981 states in part:

---

aspect of sec. 48.981. Consequently, this issue need not be addressed. *See State v. Courtney*, 74 Wis. 2d 705, 713, 247 N.W.2d 714, 719–20 (1976); *see also State ex rel. Deisinger v. Treffert*, 85 Wis. 2d 257, 271, 270 N.W.2d 402, 409 (1978).

(2) [A]n ... administrator ... *having reasonable cause to suspect* that a child seen in the course of professional duties has been abused or neglected or having reason to believe that a child seen in the course of professional duties has been threatened with an injury and that abuse of the child will occur shall report as provided in sub. (3) ....

(3)(a) Referral of report of suspected child abuse or neglect. Persons required to report ... shall immediately contact, ... and shall inform the agency or department of the fact and circumstances contributing to a *suspicion of child abuse* or neglect or to a belief that abuse will occur.... [Emphasis added.]

It is true that the statute does not define "reasonable cause to suspect." However, a statute need not define with absolute clarity and precision what is and what is not unlawful conduct. *Courtney*, 74 Wis. 2d at 710, 247 N.W.2d at 718. A statute is not void for vagueness simply because "there may exist particular instances of conduct the legal or illegal nature of which may not be ascertainable with ease." *Id.* at 711, 247 N.W.2d at 719. It is enough if the statute alerts a person of ordinary intelligence to the type of conduct, active or passive, that is proscribed. *Id.* at 713, 247 N.W.2d 719.

■ Section 48.981's use of the phrase "reasonable cause to suspect" fairly notifies a person of ordinary intelligence that if there is a reasonable basis to suspect that child abuse has occurred, that person must make a report to the appropriate agency. Whether a person possesses a reasonable suspicion that child abuse has occurred is not subject to misunderstanding. This requirement examines the totality of the facts and circumstances actually known to, and as viewed from the

standpoint of, that person.[3] *See, e.g., State v. Lossman*, 118 Wis. 2d 526, 543, 348 N.W.2d 159, 167 (1984). Thus, the test becomes whether a prudent person would have had reasonable cause to suspect child abuse if presented with the same totality of circumstances as that acquired and viewed by the defendant. Under this statute, conviction is only permitted when, under the totality of the circumstances presented to the defendant, a prudent person would have had reasonable cause to suspect child abuse.

The use of the standard of reasonableness does not in itself render sec. 48.981 unconstitutionally vague. This standard is employed in a number of statutes including disorderly conduct (unreasonably loud), refusing to aid an officer (reasonable excuse), arrest without warrant (reasonable grounds to believe), and the statutory definition of "reasonably believes." *See* secs. 947.01, 946.40, 800.02(6), and 939.22(32), Stats. Testing information actually possessed by a defendant against the standard of reasonableness is not so ambiguous or vague as to preclude a citizen from conforming his conduct to that required by the law.

Nor does use of the term "suspicion" create an unconstitutionally vague statute. This is a nontechnical term commonly used and understood by the general populace. It is not a term of art that requires legal expertise to comprehend its meaning. Absent statutory definition, the common and approved meaning of a nontechnical word may be ascertained by reference to a

---

[3] A similar analysis has been applied in other contexts. *See State v. Wilks*, 117 Wis. 2d 495, 501-02, 345 N.W.2d 498, 501 (Ct. App. 1984), *cert. denied*, 105 S. Ct. 2144 (1985); *State v. Boggess*, 115 Wis. 2d 443, 445-56, 340 N.W.2d 516, 519-21 (1983).

recognized dictionary. *State v. Ehlenfeldt*, 94 Wis. 2d 347, 350, 288 N.W.2d 786, 790 (1980); *see also* sec. 990.01(1), Stats. "Suspicion" is defined as a "belief or opinion based upon facts or circumstances which do not amount to proof." Black's Law Dictionary 1298 (5th ed. 1981); *see also Gordon v. Gordon*, 270 Wis. 332, 343, 71 N.W.2d 386, 392 (1955). It is a concept dealing with the degree of certainty with which one holds a belief or opinion.

■

The phrase "reasonable cause to suspect" is a readily ascertainable and understandable standard that involves a belief, based on evidence but short of proof, that an ordinary person would reach as to the existence of child abuse. Therefore, sec. 48.981 sufficiently alerts a person of ordinary intelligence as to what conduct is required. *See Courtney*, 74 Wis. 2d at 713, 247 N.W.2d at 719.

Next, Hurd argues that the trial court erred by failing to instruct the jury on the element of "wilfully." The penalty provision of sec. 48.981 states:

> (6) Penalty. Whoever *wilfully* violates this section by failure to report as required may be fined not more than $1,000 or imprisoned not more than 6 months or both. [Emphasis added.]

The state concedes that "wilfully" is an element of the offense of failing to report suspected child abuse under sec. 48.981. However, the state argues that Hurd has waived this error by failing to timely object at trial to the jury instructions as given. *See* secs. 972.10(3) and 805.13(3), Stats. Alternatively, the state claims that this error was harmless.

A trial court has broad discretion in instructing the jury. *State v. Danforth*, 125 Wis. 2d 293, 297, 371 N.W.2d 411, 414 (Ct. App. 1985). Nevertheless, instructions should fully and fairly state the law that applies to the case. *Id.* It is well established that an objection to jury instructions is not waived where the instructions misstate the law. *State v. Moriarty*, 107 Wis. 2d 622, 630, 321 N.W.2d 324, 329 (Ct. App. 1982). Moreover, notwithstanding waiver, a reviewing court in its discretion may consider whether an error in instruction is so plain or fundamental that it affects a defendant's substantial rights and so mandates reversal. *Id.*; sec. 901.03(4), Stats. A reviewing court may find an error of constitutional dimension harmless only if it is able to determine that there is no reasonable possibility that the error contributed to the conviction. *State v. Dyess*, 124 Wis. 2d 525, 542, 370 N.W.2d 222, 231–32 (1985).

The due process clause of the United States Constitution protects against conviction except upon proof beyond a reasonable doubt of all elements of the charged offense. *State v. Ivy*, 119 Wis. 2d 591, 608, 350 N.W.2d 622, 631 (1984). Here, the state was required to prove beyond a reasonable doubt that Hurd had not only failed to report suspected child abuse, but that he had done so wilfully. Under the instructions given by the trial court, the state was relieved of the latter burden. *See Moriarty*, 107 Wis. 2d at 631, 321 N.W.2d at 329. Thus, the jury was allowed to convict Hurd simply because he had failed to report. This is neither the offense with which he was charged nor the legislature's intent in enacting sec. 48.981 as indicated by the inclusion of "wilfully" within the statute. Hurd was denied an

275

opportunity to present defenses negating the wilfulness element because the jury was not advised that this was an element of the offense. The error in instruction violated Hurd's right to due process and so affected his substantial rights. *Id.; see also Morissette v. United States*, 342 U.S. 246, 274-76 (1952). Accordingly, we conclude that there is a reasonable possibility that the error in instruction contributed to Hurd's conviction. Hurd is therefore entitled to a new trial.

Having determined that the trial court erred by failing to instruct on the wilful element, this court must next address the meaning of this term within the context of sec. 48.981. The interpretation of statutory words is a question of law. *State ex rel. Brockway v. Milwaukee County Circuit Court*, 105 Wis. 2d 341, 344, 313 N.W.2d 845, 847 (Ct. App. 1981). The primary goal of statutory interpretation is to ascertain and give effect to the legislature's intent. *Id.*

Hurd contends that "wilfully" should be construed to mean that a defendant intentionally violated a known legal duty. It is well established that ignorance of the law is no defense to a violation thereof. *State v. Kemp*, 106 Wis. 2d 697, 712, 318 N.W.2d 13, 21 (1982); *State v. Britzke*, 108 Wis. 2d 675, 683, 324 N.W.2d 289, 292 (Ct. App. 1982). If the legislature had wished to make ignorance of the law a defense to a crime, it would have done so more clearly and less ambiguously than simply using the term "wilfully." Rules of common law are not to be changed by doubtful implication and to give such effect to a statute, the language must be clear and preemptory. *Rose v. Schantz*, 56 Wis.2d 222, 227, 201 N.W.2d 593, 597 (1972); *see also* sec. 939.10, Stats.

"Wilfully" must be defined within the context of the statute in which it is used. *State v. Cissell*, 127 Wis.2d 205, 210-13, 378 N.W.2d 691, 694 (1985), *cert. denied.*, 106 S.Ct. 1651 (1986). Section 48.981 creates an offense for certain individuals who fail to report possible child abuse if they have reason to suspect that such child abuse has occurred. By adding the term "wilfully," the legislature made the offense punishable only if such individuals "wilfully violate this section by failure to report as required. . . . " Section 48.981(6), Stats.

"[W]ilfully" as used in sec. 48.981(6) means "intentionally" as defined in sec. 939.23(3).[4] *See Cissell*, 127 Wis. 2d at 210-13, 378 N.W.2d at 694; *see also* Black's Law Dictionary 1434 (5th ed. 1981); Webster's New World Dictionary 1627 (2d ed. 1980). Section 939.23(3) defines "intentionally" as: "[T]he actor either has a purpose to do the thing or cause the result specified or believes that his act, if successful, will cause that result." Thus, a defendant charged under sec. 48.981 may raise defenses such as mistake, neglect, or misadventure that caused the failure to report. *See* sec. 939.43, Stats. It is not a defense to this offense, however, that the defendant was unaware of the statutory duty to report suspected child abuse. *Id.*; *see also* sec. 939.23(5), Stats.

Such a construction of sec. 48.981 is consistent with the legislature's intent. When created in 1965, sec. 48.981(6) originally stated, "Anyone knowingly and wilfully violating this section by failing to report. . . ." Laws of 1965, ch. 333, sec. 3 at 584. In the statute's 1977

---

[4] The legislature has recently deleted the term "wilfully" from sec. 48.981(6) and inserted the term "intentionally." 1985 Wis. Act 29, sec. 926 at 237.

revision, the legislature deleted "knowingly." Laws of 1977, ch. 355, sec. 4 at 1412. Additionally, the legislature stated that sec. 48.981 was intended to "protect the health and welfare of children by encouraging the reporting of suspected child abuse and child neglect. . . ." *Id.*, sec. 1 at 1409. The legislature's deletion of "knowingly" and the stated purpose of sec. 48.981, indicate that the legislature did not intend ignorance of the statute to be a defense. Rather, this demonstrates that the legislature intended to hold accountable those persons who reasonably suspect child abuse and intentionally fail to notify the appropriate agencies.

Finally, Hurd argues that the evidence adduced at trial was insufficient to support his conviction. He asserts that the state failed to prove an element of the offense, that is, that he willfully failed to report suspected child abuse. *See Ivy*, 119 Wis. 2d at 607, 350 N.W.2d at 631. This argument rests on Hurd's erroneous definition of "wilfully," as an intentional violation of a known legal duty. Nevertheless, because this argument raises a double jeopardy issue, this court must determine whether under the correct definition of "wilfully," there was sufficient evidence to convict. *Id.*

■■■■■■

The test for sufficiency of the evidence is whether a reviewing court can conclude that a reasonable trier of fact could be convinced of a defendant's guilt beyond a reasonable doubt by the evidence that it had a right to believe and accept as true. *State v. Wyss*, 124 Wis. 2d 681, 694, 370 N.W.2d 745, 751 (1985). Evidence is to be considered in a light most favorable to the state and the conviction. *Id.* The credibility of the witnesses and the weight of the evidence is exclusively for the trier of fact to determine. *Id.*

■ The evidence adduced at Hurd's trial was sufficient to prove that he had a reasonable cause to suspect child abuse and that he willfully failed to report this suspicion. At trial, Murray testified that he had told Hurd on several occasions that Chrystal was making "advances" toward the boys. One of the boys testified that he had told Hurd of a sexual assault by Chrystal. Chrystal testified that Hurd had stated that he had heard Chrystal was sexually abusing the boys. Additionally, Murray testified that Hurd had previously expressed his low opinion of the competency of law enforcement and social service agencies. From this testimony, the jury could have reasonably inferred that Hurd had wilfully failed to report suspected child abuse.[5]

*By the Court.*—Judgment and order reversed and cause remanded for a new trial.

■

---

[5] Hurd also argues that he is entitled to a new trial in the interest of justice pursuant to sec. 752.35, Stats. Because Hurd is entitled to a new trial on other grounds, this court need not address this issue. *See Gross v. Hoffman,* 227 Wis. 296, 300, 277 N.W. 663, 665 (1938).