WALTER J. KUNICKI, Speaker Assembly Organization Committee
On behalf of the Assembly Committee on Organization, you have asked for an opinion on the validity of certain actions taken by the state Building Commission ("Commission") at a meeting on September 4, 1991. The questions involve the Commission's authority under section 20.924, Stats., the statute which provides that the Commission shall supervise and authorize the implementation of the state building program.
Section 20.924(1)(a) provides that the Commission may authorize the design and construction of any building, structure or facility costing in excess of $250,000 regardless of funding source, "only if that project is enumerated in the authorized state building program." You ask whether certain projects authorized at the September 4, 1991, meeting were "enumerated" in the authorized state building program.
The Governor vetoed parts of the 1991-93 authorized state building program, 1991 Wisconsin Act 39, section 9108. The projects in question were projects authorized for the Department of Corrections in section 9108(1)(b). The partial vetoes changed the specificity of certain projects. In particular, an authorization to spend $62 million on a "[m]edium security correctional institution in the town of Brockway in Jackson county to provide 750 beds" was changed by use of the partial veto to authorize $62 million to be spent for "[m]edium security correctional beds." The Governor also used his partial veto authority to change an appropriation for $11,600,000 for "[a]lcohol and other drug abuse correctional institution in the city of Milwaukee to provide 200 beds" to read "[a]lcohol and *Page 147 
other drug abuse correctional beds." Other partial vetoes had similar effects.
I conclude that the projects, as vetoed, are "enumerated in the authorized state building program" for purposes of section 20.924
(1)(a). The word "enumerated" is not defined in the statute. Words should be construed according to their common and approved usage. Sec. 990.01(1), Stats. The common and approved meaning of a statutory term can be ascertained by reference to a recognized dictionary. State v. Kay Distributing Co., Inc., 110 Wis.2d 29,327 N.W.2d 188 (Ct.App. 1982). Webster's Third New International Dictionary 759 (1986) defines "enumerate" to mean "to relate one after another: LIST, SPECIFY." Even after the partial vetoes the projects are sufficiently specified so as to distinguish one from another. The partial vetoes did not change the enumeration or listing of the projects; they changed only the specificity of the descriptions of the projects. The law does not require a specific project description in the authorized building program; it only requires that a project be "enumerated."
This interpretation is consistent with the practice when section 20.924 was adopted. Section 20.924 was created in chapter 154, section 122(m), Laws of 1969, the biennial budget bill. Section 375(m) of chapter 154, the authorized state building program, enumerated projects such as "Wisconsin state reformatory — food service renovation $300,000 — locking system $370,000" and "[s]ystem — minor projects $2,000,000." Similarly, the authorization for state office facilities contained an enumeration for "[p]arking facilities" of $2,700,000.
The next biennial budget bill, chapter 125, section 518, Laws of 1971, authorized $525,500 for "[r]eformatory — food service renovation" and $2,156,000 to "[s]ystem — auxiliary projects." In the 1979 authorized building program, the Legislature appropriated $20 million for "[m]edium/[m]inimum security correctional facility construction." Ch. 34, sec. 2006m(1), Laws of 1979. That $20 million was increased to $36 million. Ch. *Page 148 
221, sec. 903g, Laws of 1979. Neither law specified a site for the correctional facility. I conclude that the descriptions in the authorized state building program are sufficient enumeration for the purposes of section 20.924.
You also ask whether the Commission has the authority to determine where a prison or prison expansion project should be sited when no site is specified in the authorized state building program. The grant of authority to the Commission is plenary: "The building commission shall have all the powers necessary to carry out its duties. . . ." Sec. 13.48(2)(b)1., Stats. Under section 13.48(10), the Commission has the right of prior approval over construction contracts. "Because the commission possesses that right, it exercises an immense control over state construction." J.F. Ahern Co. v. Building Commission, 114 Wis.2d 69,105, 336 N.W.2d 679 (Ct.App. 1983).
Neither section 20.924 nor any other statute prohibits the Commission from authorizing construction of an enumerated project simply because the site for that project is not contained in the enumeration. As noted above, the authorization to build the correctional facility which resulted in the construction of the Columbia Correctional Institution, chapter 34, section 2006m(1)c, Laws of 1979, provided no site for the prison. The Commission selected the site. Both the grant of authority to the Commission and past practice support the conclusion that the Commission has the authority to select a site for construction when no site is specified in the authorized state building program.
The authorized state building program provided an appropriation of $62 million for "medium security correctional beds." The Commission plan adopted on September 4, 1991, allocates $80 million to construct 450 beds by expanding the Oshkosh Correctional Institution and constructing 450 beds in what is to be a new institution in Jackson County. The Commission obtained the $18 million difference between its *Page 149 
plan and the budget plan by reducing other Department of Corrections' authorized projects. You ask if this is proper.
Section 20.924(1)(d) provides that the Commission
 [s]hall exercise considered judgment in supervising the implementation of the state building program, and may authorize limited changes in the project program, and in the project budget if the commission determines that unanticipated program conditions or bidding conditions require the change to effectively and economically construct the project. However, total state funds for major projects under the authorized state building program for each agency shall not be exceeded.
The question is whether the changes made by the Commission are "limited changes in the project program." "Limited" means "confined within limits: restricted in extent, number or duration." Webster's Third New International Dictionary 1312 (1986).
In 61 Op. Att'y Gen. 332, 341 (1972), this office opined that the authorization for limited changes in section 20.924(1)(d) could not be construed as permitting the Commission to not construct one enumerated project and then use the money authorized for that project for another project in the same agency. The opinion concluded that that would be more than a limited change. That opinion did note, however, that "[t]he Building Commission may, to a limited extent, use these earmarked funds for another enumerated project by changing the scope of the project or the budget." 61 Op. Att'y Gen. at 336.
The Commission's September 4 plan does not delete authorized projects and attempt to use those funds for the medium security correctional beds construction. Rather, the Commission reduced the funding for other projects and used those "savings" to fund the difference between the $62 million provided for medium security correctional beds in the budget and the $80 million required by the Commission's plan. The *Page 150 
$18 million difference is approximately twelve percent of the Department of Corrections' authorized building program. The changes increase the number of medium security beds from 750 as authorized before the veto to 900. I conclude that the Commission's changes do comport with the statute's requirement that the changes be "limited."
Section 20.924(1)(d) which authorizes limited changes conditions that authorization on the Commission determining "that unanticipated program conditions or bidding conditions require the change to effectively and economically construct the project." In the J.F. Ahern Co. case the court of appeals concluded that the Commission's decision to waive bidding requirements for state construction did not require a formal record and would be reversed only if it were arbitrary or capricious. J.F. Ahern, 114 Wis.2d at 91-99. I conclude that same standard is applicable to the Commission's decision to make limited changes under section 20.924. The minutes of the September 4, 1991, Commission meeting revealed that the Commission's actions on the Department of Corrections' major projects were unanimous. The approval was based on a report by a special committee which was "set up to prepare recommendations and report back to the September 4 meeting." (Commission minutes of September 4, 1991.) The subcommittee's recommendations were also unanimous. The decision to make limited changes in the authorized building program, like the waiver decision in the J.F.Ahern Co. case, "involved matters of policy and discretion rather than adjudicative fact." J.F. Ahern Co., 114 Wis.2d at 96. There is no need, therefore, for the Commission to undertake a factual inquiry, no need for a hearing before the decision is made, and no need for a formal record. I am not aware of any facts which would support a conclusion that the Commission's decision to reallocate funding among projects for the Department of Corrections was arbitrary or capricious.
JED:AL *Page 151