# SUBURBAN STATE BANK, f/k/a State Bank of Hartland, Plaintiff-Appellant Cross-Respondent,

## v.

# Dorwin SQUIRES, Defendant-Respondent Cross-Appellant.†

Court of Appeals

*No. 87–1821. Submitted on briefs May 12, 1988.—Decided June 8, 1988.*

(Also reported in 427 N.W.2d 393.)

† Petition to review denied.

On behalf of the plaintiff-appellant cross-respondent, the cause was submitted on the brief of *Thomas R. Fahl* of *Flanagan, Sendik & Fahl, S.C.,* of Milwaukee.

On behalf of the defendant-respondent cross-appellant, the cause was submitted on the brief of *August Fabyan, Jr.* of *Haight & Fabyan,* of Hartland.
Before Scott, C.J., Brown, P.J., and Nettesheim, J.

BROWN, P.J. We deem the major issue on appeal to be whether the trial court properly awarded attorney's fees pursuant to sec. 425.308, Stats., of the Wisconsin Consumer Act (WCA). Because we conclude that sec. 425.308 provides for an award of attorney's fees only when the provisions of the WCA are violated, we reverse that portion of the trial court's judgment which ruled otherwise.

The facts available to us are sketchy; neither the appellant nor cross-appellant has furnished a complete record for our review. Apparently, however, the facts are as follows: Dorwin Squires purchased an automobile in 1980, arranging financing at Suburban State Bank, f/k/a State Bank of Hartland (the bank). The bank sold Squires a policy of credit life and disability insurance as part of the financing deal. Squires suffered a heart attack in September 1981, and payments were made under the insurance policy until April 1982, when Squires returned to work.

Because of several missed payments, the note was rewritten a short time later on April 23, 1982. As a result, the previous life and disability policy was canceled and a new policy issued. Squires suffered a second heart attack a few weeks later and was considered disabled. The life and disability insurer denied coverage under the policy based on an exclusion against preexisting conditions, and Squires went into default.

The bank then commenced this action for possession of the auto and eventually received it by stipula-

tion. Squires filed a counterclaim, alleging that the bank's failure to advise him of the preexisting condition clause in the insurance policy violated the WCA and also constituted negligence. Squires was successful only on the negligence claim. Although Squires was not successful in his WCA claim, the trial court, in construing sec. 425.308, Stats., concluded that this action arose from a "consumer transaction" and awarded Squires costs and attorney's fees.

Statutory construction presents a question of law which we decide without deference to the trial court. *Harbick v. Marinette County,* 138 Wis. 2d 172, 175, 405 N.W.2d 724, 726 (Ct. App. 1987). Section 425.308, Stats., found in the WCA, chs. 421–27, Stats., provides in part:

> **Reasonable attorney's fees.** (1) If the customer prevails in an action arising from a consumer transaction, he shall recover the aggregate amount of costs and expenses determined by the court to have been reasonably incurred on his behalf in connection with the prosecution or defense of such action, together with a reasonable amount for attorney's fee.

The bank argues that this section is inapplicable to Squires because he recovered on a negligence theory, not for a violation of the WCA.

Squires contends that the language of sec. 425.308, Stats., should be construed more broadly. He argues that he was a "customer" as that term is defined in sec. 421.301(17), Stats.,[1] and that this was

---

[1] Section 421.301(17), Stats., provides in relevant part:

an action arising from a "consumer transaction" as defined in sec. 421.301(13),[2] thereby giving rise to an award of attorney's fees under sec. 425.308, even though the WCA was not violated.

■

We conclude, however, that Squires' reliance on the somewhat amorphous definitions contained in sec. 421.302, Stats., is misplaced. Section 425.308, Stats., is found in subch. III of ch. 425, Stats., entitled "Customer's Remedies." The introductory language of subch. III, found in sec. 425.301, provides:

> (1) The remedies provided by this subchapter shall be liberally administered to the end that the customer as the aggrieved party shall be put in at least as good a position *as if the creditor had fully complied with chs. 421 to 427* .... [Emphasis added.]

When multiple statutes are contained in the same chapter and assist in implementing a common object or policy, the statutes should be read *in pari materia* and harmonized. *See State v. Amato,* 126 Wis. 2d 212, 216, 376 N.W.2d 75, 77 (Ct. App. 1985).

The object of the WCA is "[t]o protect customers against unfair, deceptive, false, misleading and unconscionable practices by merchants." Sec. 421.102(2)(b), Stats. The basic purpose of the remedies set forth in ch. 425, Stats., is to induce compliance

"Customer" means any person ... who seeks or acquires real or personal property, services, money or credit for personal, family, household or agricultural purposes ....

[2]Section 421.301(13), Stats., provides:

"Consumer transaction" means a transaction in which one or more of the parties is a customer for purposes of that transaction.

with the WCA and thereby promote its underlying objectives. *First Wis. Nat'l Bank v. Nicolaou,* 113 Wis. 2d 524, 533, 335 N.W.2d 390, 394 (1983).

When construed in light of these objectives and *in pari materia* with sec. 425.301, Stats., we conclude that an award of attorney's fees and costs under sec. 425.308, Stats., is properly limited to those cases in which the creditor has not "fully complied with chs. 421 to 427." Sec. 425.301(1). This ensures that the remedies provided in the WCA, which depend upon private lawsuits for effective enforcement, are not without substance. *See Nicolaou,* 113 Wis. 2d at 538, 335 N.W.2d at 397.

The cost of legal representation frequently exceeds the recovery in a WCA case as the amount of damages flowing from a WCA violation is oftentimes minimal. *Id.* at 538–39, 335 N.W.2d at 397. Section 425.308, Stats., is therefore necessary to guarantee that consumers will be financially able to maintain meritorious actions under the WCA. *Nicolaou,* 113 Wis. 2d at 539, 335 N.W.2d at 397. Absent a provision allowing attorney's fees to assist consumers in finding legal representation, the remedies offered for violation of the WCA would prove illusory. *See* Crandall, *The Wisconsin Consumer Act: Wisconsin Credit Laws Before and After,* 1973 Wis. L. Rev. 334, 377. Section 425.308 thus warrants that violations of the WCA will not go unprosecuted.

As there has been no violation of the WCA here, we reverse that portion of the trial court's judgment awarding costs and attorney's fees under sec. 425.308, Stats.

Both the bank, as appellant, and Squires, as cross-appellant, raise other issues. Resolution of each of these issues is dependent upon a review of the record. However, neither the bank nor Squires provided a complete record for our review. When an appeal is brought upon an incomplete record, this court will assume that every fact essential to sustain the trial court's decision is supported by the record. *D.L. v. Huebner,* 110 Wis. 2d 581, 597, 329 N.W.2d 890, 897 (1983). With this limitation in mind, we address each of the party's remaining issues.

The bank first argues that any negligence on its part in failing to advise Squires of the exclusionary clause was not a cause of Squires' damages. It bases this argument on a statement made by Squires at trial that had he known of the clause, he would not have refinanced the auto but simply turned it over to the bank. There is, however, insufficient transcript available for us to review the circumstances surrounding the making of this statement.[3] Nor can we review other conflicting testimony recalled by the trial court in its oral decision. Absent a sufficient record, we affirm on this issue.

The bank next argues that the trial court erred in determining that expert testimony was not needed as to standards in the banking industry regarding the sale of credit life and disability insurance. At trial, however, it appears that the bank, through its president and executive vice president, admitted that Squires should have been advised of the preexisting condition clause. Another witness, an employee of a

---

[3] Only one page of trial transcript, that containing the statement at issue here, has been provided.

credit lending firm called by Squires, testified that it would have been necessary and proper to advise Squires of the existence of the clause. While the bank argues that this testimony was not in the proper "form," the record is not available to us for review.

■
Further, we are not convinced that expert testimony was required on this issue. Expert testimony is not required when the matters to be proven are within the area of common knowledge and lay comprehension. *Olfe v. Gordon,* 93 Wis. 2d 173, 180, 286 N.W.2d 573, 576 (1980). It would require no special learning, study or experience on the part of the jury to determine whether the bank should have disclosed the existence of the clause to Squires. *See id.* at 180–81, 286 N.W.2d at 576.

■
Finally, the bank argues that the trial court erred by allowing the jury to determine that Squires was totally disabled, triggering coverage of the insurance policy, without the aid of expert testimony. The trial court concluded that the bank could not raise this issue due to surprise, stating that "I'm satisfied in all of our pretrials that there was never any discussion of a possible issue—that's him not being totally disabled." Absent a complete record for our review, we will assume every fact necessary to sustain the trial court's decision. *Huebner,* 110 Wis. 2d at 597, 329 N.W.2d at 897.

■
On cross-appeal, Squires argues that there was no basis on which the trial court could assess twenty-five percent negligence against him. A jury's finding and apportionment of negligence will not be set aside when there is any credible evidence which under any

reasonable view supports the verdict. *Kenwood Equip., Inc. v. Aetna Ins. Co.,* 48 Wis. 2d 472, 478, 180 N.W.2d 750, 754 (1970). Absent a complete record, we must presume the existence of such evidence.

Squires also challenges the trial court's determination that the bank's actions were not unconscionable as defined in sec. 425.107, Stats. Again, however, we have no means of reviewing the trial court's determination due to the lack of a record and must presume the existence of every fact necessary to sustain the trial court's decision.

No costs to either party.

*By the Court.*—Judgment affirmed in part and reversed in part.