Frank M. KETT, Plaintiff-Appellant,

v.

COMMUNITY CREDIT PLAN, INC., Defendant-Respondent-Petitioner.

Kenneth P. MADER, Plaintiff-Appellant,

v.

COMMUNITY CREDIT PLAN, INC., Defendant-Respondent-Petitioner.

Marcia K. JOHNSON and Hulda M. Johnson, Plaintiffs-Appellants,

v.

COMMUNITY CREDIT PLAN, INC., Defendant-Respondent-Petitioner.

Supreme Court

*Nos. 97–3620, 97–3626, 98–0092. Oral argument June 2, 1999.—Decided July 9, 1999.*

(Also reported in 596 N.W.2d 786.)

1

For the defendant-respondent-petitioner there were briefs by *Arthur M. Moglowsky, Penny G. Gentges* and *Bass & Moglowsky, S.C.*, Milwaukee and oral argument by *Arthur M. Moglowsky*.

For all the plaintiffs-appellants there was a brief by *Gerald R. Harmon* and *Harmon Law Office*, Milwaukee and oral argument by *Gerald R. Harmon*.

Amicus curiae was filed by *Stephen E. Meili* and *Consumer Law Litigation Clinic*, Madison for Center for Public Representation, Inc.

Amicus curiae was filed by *Edward J. Heiser, Jr.*, and *Whyte Hirschboeck Dudek, S.C.*, Milwaukee for the Wisconsin Financial Services Association.

¶ 1.   SHIRLEY S. ABRAHAMSON, CHIEF JUSTICE.   This is a review of a published decision of the court of appeals, *Kett v. Community Credit Plan, Inc.*, 222 Wis. 2d 117, 586 N.W.2d 68 (Ct. App. 1998), which reversed two orders, one of the Circuit Court for Waukesha County, Kathryn W. Foster, Judge, and one of the Circuit Court for Walworth County, James L. Carlson, Judge.

¶ 2.   This review involves three actions against Community Credit Plan, Inc., for damages for alleged violations of the Wisconsin Consumer Act, Wis. Stat.

chs. 421–427 (1995–96).[1] Marcia and Hulda Johnson filed an action in Walworth County; Frank M. Kett and Kenneth P. Mader each filed an action in Waukesha County. These three actions were consolidated at the court of appeals. We refer to the four plaintiffs collectively as "the customers."

¶ 3. The review at bar arises from earlier replevin actions that Community Credit brought in Milwaukee County Circuit Court against these customers to recover their vehicles that were collateral for loans. Community Credit obtained default replevin judgments in these actions, but the Milwaukee County Circuit Court later vacated the judgments because the actions were commenced in Milwaukee County Circuit Court in violation of the venue provision of the Wisconsin Consumer Act; the actions were dismissed. After the Milwaukee County Circuit Court entered the default replevin judgments but before it vacated the judgments, Community Credit took possession of the customers' vehicles by nonjudicial recovery.

¶ 4. In the actions presently before this court the customers are seeking damages from Community Credit for wrongfully taking possession of the vehicles and for other practices prohibited by the Wisconsin Consumer Act. The customers moved for summary judgment in the circuit court on the liability issues.[2]

---

[1] All subsequent references to the Wisconsin Statutes are to the 1995–96 version unless otherwise noted.

[2] This court reviews a summary judgment using the same methodology as the circuit court. *State ex rel. Auchinleck v. Town of LaGrange*, 200 Wis. 2d 585, 591–92, 547 N.W.2d 587 (1996). The methodology of summary judgment is set forth in Wis. Stat. § 802.08(2), which provides that summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits,

¶ 5. Three issues are presented in this review. Each involves interpretation of the Wisconsin Consumer Act and application of the Act to undisputed facts. The three issues of law are as follows:

¶ 6. (I) Does Community Credit's taking possession of the vehicles by nonjudicial recovery pursuant to the default replevin judgments entered by the Milwaukee County Circuit Court violate the venue provision of the Wisconsin Consumer Act violate Wis. Stat. § 425.206? If so, the customers are entitled to damages under Wis. Stat. § 425.305.

¶ 7. (II) Did Community Credit engage in prohibited practices in violation of Wis. Stat. § 427.104(1)(h) and (j)? In other words, did Community Credit engage in conduct that could reasonably be expected to threaten or harass the customers or persons related to the customers or claim, or attempt or threaten to enforce a right with knowledge or reason to know that the right did not exist? If Community Credit engaged in either of these prohibited practices, the customers are entitled to damages under Wis. Stat. §§ 425.304 and 427.105.

¶ 8. (III) Are the customers entitled to reasonable attorney fees under Wis. Stat. § 425.308?

¶ 9. The Circuit Court for Waukesha County granted summary judgment to Community Credit and dismissed all the customers' claims, reasoning that the

if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

Community Credit filed counterclaims seeking deficiency judgments for the amounts the customers still owe on the loans beyond the amounts of the proceeds that Community Credit obtained from its sale of their repossessed vehicles. The counterclaims are not in issue in this review.

customers waived their claims by not objecting to the default judgments before Community Credit repossessed the vehicles.[3]

¶ 10. The Circuit Court for Walworth County granted summary judgment in favor of Community Credit on the customers' wrongful repossession claims.[4] It refused to grant summary judgment on the prohibited practice claims because it concluded that genuine issues of material fact exist with regard to the elements of knowledge.

¶ 11. The court of appeals concluded that summary judgment should be entered in favor of the customers on all claims and remanded the causes for determination of damages.[5] We agree with the court of appeals and affirm the decision of the court of appeals.

---

[3] The Waukesha County Circuit Court, in granting summary judgment in favor of Community Credit, made the following comments during its oral ruling on the record:

> In the month of February when I believe all these items were repossessed there was a judgment which permitted Community Credit, the defendant in the action to replevin the vehicle. Under those facts. . .I find that it is appropriate to grant summary judgment dismissing cause of action under the 425.206 basis. . . . [W]hat we had here was an avoidable judgment, not a void, and the fact of the matter is it wasn't voided or vacated until months after the underlying event occurred. . . .[Plaintiffs] may have come. . .at the time that the original process was served and original return. . .and they would have certainly had an opportunity to voice an objection and apparently a valid objection to the hearing of this matter in Milwaukee County as opposed to Waukesha County.

[4] The Walworth County Circuit Court granted summary judgment in favor of Community Credit on the wrongful repossession claim, holding that because Community Credit had a judgment the repossession was not wrongful.

[5] We agree with the court of appeals' response to the argument that the customers waived their claims by not appearing in the Milwaukee County Circuit Court, which is as follows:

The language, the legislative history, and the interplay of the statutes, as well as the legislative policies expressed in the Wisconsin Consumer Act, support our conclusion that the default replevin judgments on which Community Credit relied for possession of the collateral by nonjudicial recovery were invalid at the time of entry for purposes of Wis. Stat. § 425.206(1)(b) because Community Credit had not commenced the replevin actions in a county of proper venue. Accordingly, we conclude that Community Credit engaged in wrongful repossession in violation of Wis. Stat. § 425.206 and engaged in prohibited practices in violation of Wis. Stat. § 427.104(1)(h) & (j).

I

¶ 12. The first issue is whether Community Credit's taking possession of the vehicles by nonjudicial recovery pursuant to the invalid Milwaukee County Circuit Court default replevin judgments violates Wis. Stat. § 425.206. At the time of Community Credit's taking of the vehicles, the customers had not surrendered, nor agreed to surrender, possession to Community Credit. Community Credit could have relied on execution to take possession of the collateral, but it chose instead to undertake nonjudicial recovery

---

A court cannot gain subject matter jurisdiction through waiver. . . .When judgments are void due to lack of jurisdiction, they can be attacked collaterally at any time. . . .Here, the Milwaukee court lacked jurisdiction over the actions. This jurisdictional defect cannot be waived. Furthermore, to dismiss these claims on waiver grounds runs contrary to the purpose of the venue statute. It is meant to protect consumers from having to travel to distant fora to defend. To hold that failure to appear to object to venue constitutes waiver would defeat this goal.

*Kett*, 222 Wis. 2d at 131–32 (citations omitted).

7

of the collateral after entry of the Milwaukee County Circuit Court default replevin judgments.[6]

¶ 13.  The parties agree that the default replevin judgments of the Milwaukee County Circuit Court were invalid because venue was not in Milwaukee County.[7] The question is whether Community Credit's

---

[6] Wisconsin Stat. § 425.205(5) provides: "Upon entry of judgment. . .[a merchant] shall have the right to (a) have execution issued to require the sheriff. . .to take the same. . .collateral from [the customer] or (b) immediately exercise the right to nonjudicial recovery of the collateral" (sometimes referred to as self-help repossession). *See* William C. Whitford & Harold Laufer, *The Impact of Denying Self-Help Repossession of Automobiles: A Case Study of the Wisconsin Consumer Act*, 1975 Wis. L. Rev. 607, 613; Steven W. Moglowsky, Money Judgments & Replevins—Commencing an Action and Taking Judgment at 11, in State Bar of Wisconsin, *The Nuts and Bolts of Collections and Creditors' Rights* (April 1998).

[7] In the companion case, *Community Credit Plan, Inc. v. Johnson*, 228 Wis. 2d 30, 596 N.W.2d 799 (1999), the circuit court granted the motions of the customers to vacate and set aside the default replevin judgments on the grounds that venue in Milwaukee County was improper. Community Credit did not oppose vacating the judgments on the basis of venue. Community Credit does not argue that venue was proper. *See* Circuit Court's Orders Vacating Judgments and Dismissing Actions Without Prejudice. The circuit court also granted Community Credit's motion to dismiss the small claims replevin actions brought in Milwaukee County without prejudice.

Neither party has contested these aspects of the judgments and orders. The parties dispute only the ramifications of having vacated the default replevin judgments on the grounds of defective venue and having the Milwaukee County replevin actions dismissed without prejudice.

This court has adopted the reasoning and decision of the court of appeals in the companion case. *See Community Credit Plan, Inc. v. Johnson*, slip op. at 6 (of even date). This court

nonjudicial recovery of collateral pursuant to the judgments conformed to the requirements of Wis. Stat. § 425.206. Section 425.206 provides in pertinent part as follows:

**425.206 Nonjudicial enforcement limited. (1)** Notwithstanding any other provision of law, no merchant may take possession of collateral or goods subject to a consumer lease in this state by means other than legal process in accordance with this subchapter except when:

. . . .

(b) *Judgment for the merchant has been entered in a proceeding for recovery of collateral or leased goods under s. 425.205*, or for possession of the collateral or leased goods under s. 425.203(2);

. . . .

**(3)** a violation of this section is subject to s. 425.305.[8] [Emphasis added.]

¶ 14. We must determine under Wis. Stat. § 425.206(1)(b) whether Community Credit proceeded

adopted the following language of the court of appeals: "Based on [Wis. Stat. § 421.401(2)(b)], we conclude that, regardless of whether or not [Community Credit] moved for voluntary dismissal, a dismissal due to improper venue would have resulted. [Community Credit's] prosecution of these seven actions in the Milwaukee County Circuit Court was a violation of the venue provision of the [Wisconsin Consumer Act]." *Johnson*, 221 Wis. 2d at 775.

[8] Wisconsin Stat. § 425.305 sets forth the damages for violation of Wis. Stat. § 425.205 as follows:

**425.305 Transactions which are void. (1)** In a transaction to which this section applies, the customer shall be entitled to retain the goods, services or money received pursuant to the transaction without obligation to pay any amount.

**(2)** In addition, the customer shall be entitled to recover any sums paid to the merchant pursuant to the transaction.

to take possession of collateral by nonjudicial recovery with judgments entered in proceedings for recovery of collateral under Wis. Stat. § 425.205.

¶ 15.   As we have said, Community Credit and the customers agree that the default replevin judgments were invalid because the replevin actions against the customers were commenced in Milwaukee County Circuit Court in violation of the venue statute, Wis. Stat. § 421.401.[9] Indeed this court has held these default replevin judgments invalid in a decision released this same date. *See* note 7 above. Thus the invalidity of the default replevin judgments is a settled matter.

¶ 16.   The question then is whether these default replevin judgments, which were vacated because of a

---

[9] Wisconsin Stat. § 421.401, the venue statute, in its entirety provides the following:

**421.401 Venue. (1)** The venue for a claim arising out of a consumer transaction or a consumer credit transaction is the county:

    (a)   Where the customer resides or is personally served:

    (b)   Where the collateral securing a consumer credit transaction is located; or

    (c)   Where the customer sought or acquired the property, services, money or credit which is the subject of the transaction or signed the document evidencing his or her obligation under the terms of the transaction.

    **(2)**   When it appears from the return of service of the summons or otherwise that the county in which the action is pending under sub. (1) is not a proper place of trial for such action, unless the defendant appears and waives the improper venue, the court shall act as follows:

    (a)   Except as provided in par. (b), if it appears that another county would be a proper place of trial, the court shall transfer the action to that county.

    (b)   If the action arises out of a consumer credit transaction, the court shall dismiss the action for lack of jurisdiction.

    **(3)**   If there are several defendants, and if venue is based on residence, venue may be in the county of residence of any of them.

defect of venue after recovery of collateral, can be deemed to be valid judgments under Wis. Stat. § 425.206(1)(b) and as such protect Community Credit, which used nonjudicial recovery, from the charges of wrongfully taking possession of collateral.

¶ 17. Community Credit rests its argument that it had valid judgments when the collateral was recovered for purposes of Wis. Stat. § 425.206(1)(b) on the general venue statute, Wis. Stat. § 801.50(1), which provides that "[a] defect in venue shall not affect the validity of any order or judgment."[10] Noting that § 801.50(5)(m) refers to § 421.401, which contains the venue provisions applicable to actions arising from consumer credit transactions, Community Credit contends that § 801.50(1) is applicable to the Milwaukee County Circuit Court replevin actions. Community Credit further notes the Wis. Stat. § 425.205(1) statement that "replevin actions shall be conducted in accordance with ch. 799 [the Small Claims Act]," and the Wis. Stat. § 799.04 provision that except as otherwise provided in chapter 799, the general rules of practice and procedure in chapter 801 apply. Community Credit argues

---

[10] Community Credit appears also to argue that wrongful repossession requires some form of egregious conduct and presents two cases as illustration. First, it cites *Wachal v. Ketterhagen Motor Sales, Inc.*, 81 Wis. 2d 605, 260 N.W.2d 770 (1978), in which an officer of the creditor brought a set of car keys to the customer's house and repossessed his station wagon. *Wachal*, 81 Wis. 2d at 607. Second, Community Credit cites *First Wisconsin Nat'l Bank v. Nicolaou*, 113 Wis. 2d 524, 335 N.W.2d 390 (1983), in which a creditor wrongfully repossessed a car in California without service of process or a hearing. These cases do not hold that Wis. Stat. § 425.206 requires that "means other than legal process" must be some form of egregious conduct.

11

that these various provisions demonstrate that § 801.50(1) governs the venue of actions arising from consumer credit transactions and that the default replevin judgments in this review were, on recovery of the vehicles, valid under § 801.50(1).

¶ 18. Thus Community Credit argues that the circuit court should have held that the default replevin judgments in this case were, when the vehicles were taken by nonjudicial recovery, voidable under Wis. Stat. § 801.50(1), but not void. Community Credit argues that whereas a void judgment is a nullity and proceedings founded upon it are worthless, proceedings founded on a voidable judgment are generally valid until the judgment is set aside.[11]

¶ 19. Our reading of the venue provisions does not lead to Community Credit's conclusion that Wis. Stat. § 801.50(1) is applicable to the Milwaukee County Circuit Court replevin actions arising from consumer credit transactions.

¶ 20. We agree with Community Credit that in general a defect in venue is not a jurisdictional defect affecting the validity of a judgment. Nevertheless, we agree with the court of appeals that this case falls within a legislatively crafted exception to the general venue provision. Several reasons lead us to conclude that the defect in venue in these replevin actions arising from consumer credit transactions renders the Milwaukee County default replevin judgments invalid

---

[11] We use the phrase "validity of the judgments at the time of entry for purposes of Wis. Stat. § 425.206(1)(b)" (or a similar phrase), rather than the words void and voidable, because the former phrase is descriptive of the issue in the case. The court of appeals and Community Credit use the words "void" (meaning invalid at the time of entry of judgment) and voidable (meaning invalid when the judgment is set aside).

12

from the time of entry for purposes of Wis. Stat. § 425.206(1)(b).

¶ 21. First, the legislature has expressly declared that in consumer credit transactions, such as those in this case, a defect in venue under Wis. Stat. § 421.401 is jurisdictional. The venue statute provides that if venue is wrong and "[i]f the action arises out of a consumer credit transaction, the court shall dismiss the action for lack of jurisdiction." Wis. Stat. § 421.401(2)(b).[12]

---

[12] The word jurisdiction can refer to personal jurisdiction, subject matter jurisdiction or the competence of a court.

Wisconsin Stat. § 421.401(2)(b) makes clear that jurisdiction does not refer to personal jurisdiction. Milwaukee County Circuit Court had personal jurisdiction of the customers in the default replevin action.

Subject matter jurisdiction and competence are terms that have been inconsistently used and defined by courts and commentators across the country. *See In the Interest of B.J.N. and H.M.N.*, 162 Wis. 2d 635, 656 n.17, 469 N.W.2d 845 (1991).

This court has said that no circuit court is without subject matter jurisdiction. *Mueller v. Brunn*, 105 Wis. 2d 171, 176, 313 N.W.2d 845 (1991). We have labeled a circuit court's inability to adjudicate the specific case before it because of a failure to comply with a statutory requirement as a loss of competence. *In the Interest of B.J.N. and H.M.N.*, 162 Wis. 2d 635, 656.

As this court explained in *In the Interest of B.J.N. and H.M.N.*, 162 Wis. 2d at 656–57 and n.17, the critical focus is not, however, on the terminology. The focus is on the effect of non-compliance with a statutory requirement. *See also Miller Brewing Co. v. LIRC*, 173 Wis. 2d 700, 705–06, 495 N.W.2d 660 (1993).

In this case we have a statutory requirement (venue), and our discussion focuses on the effect of non-compliance with this statutory requirement.

¶ 22.  The legislature's use of the words "for lack of jurisdiction" makes clear that a default replevin judgment entered by a circuit court in the face of improper venue is invalid for purposes of Wis. Stat. § 425.206(1)(b) when entered. The language reflects a clear legislative intent to prevent any judgment, other than a judgment of dismissal, from being entered in an action arising out of a consumer credit transaction when venue is improper and the customer has failed to appear and waive the defect. This interpretation gives meaning to the words "for lack of jurisdiction," by invalidating a replevin judgment from the time of entry if venue in the action was improper, rather than rendering the words "for lack of jurisdiction" surplusage as Community Credit's interpretation would mandate.

¶ 23.  Second, the legislature's different treatment of venue for consumer actions and consumer credit transactions shows a deliberate legislative intent to give meaning to the words "lack of jurisdiction" in Wis. Stat. § 421.401(2)(b). If a transaction giving rise to an action is a consumer transaction, the remedy for defective venue is transfer of the action to the proper place of trial. *See* Wis. Stat. §§ 421.301(13) and 421.401(2)(a). If, on the other hand, a transaction giving rise to an action is a consumer credit transaction, the remedy for defective venue is dismissal of the action for lack of jurisdiction. *See* Wis. Stat. §§ 421.301(10) and 421.401(2)(b). Thus by providing that a replevin judgment is invalid when entered if the venue in the action was improper, the legislature specifically insured that those using credit are protected from having to defend replevin actions in distant forums.

¶ 24.  Third, the legislative history of the relevant venue statutes on which Community Credit relies, Wis.

Stat. §§ 421.401(2)(b) and 801.50(1), demonstrates that the legislature intended venue for actions arising from consumer credit transactions to be jurisdictional in nature and intended a defect in venue to invalidate the replevin judgment when entered if the venue in the action was improper.

¶ 25.  In 1983, the legislature repealed and recreated Wis. Stat. § 801.50, the general venue statute, and in doing so added the following language in subsection (1): "A defect in venue shall not affect the validity of any order or judgment." 1983 Wis. Act 228. This statutory language is, according to a Judicial Council Note, "designed to separate questions of venue from questions of jurisdiction and competency. A defect in venue is not jurisdictional and does not affect the competence of the court. The cure for a defect in venue is to change the place of trial."[13]

¶ 26.  In that same enactment, the 1983 legislature created Wis. Stat. § 421.401, a venue provision specific to consumer transactions. This provision did not contain any language making venue a jurisdictional issue. *See* Wis. Stat. § 421.401 (1983–84). However, in a separate enactment, that same 1983 legislature created a specialized venue provision for consumer credit transactions. *See* Wis. Stat. § 425.501(2)(1983–84); 1983 Wis. Act 389, § 8. That newly created venue provision specific to consumer credit transactions expressly stated that if venue is improper the court lacks jurisdiction other than to dismiss the action. The venue provision included the following jurisdictional language:

---

[13] Judicial Council Prefatory Note, 1983, Wis. Stat. Ann. § 801.50 (1994).

If venue is correct the case shall continue. If venue is not correct, the court shall dismiss the action unless the defendant appears and waives the improper venue. If the defendant does not appear and waive the improper venue, *the court shall lack jurisdiction other than to dismiss the action.*

Wis. Stat. § 425.501(2) (1983–84) (emphasis added).[14]

¶ 27.   In other words, the 1983 legislature extensively overhauled the general venue provision of Wis. Stat. § 801.50 to declare that venue is not a jurisdictional matter and simultaneously declared that venue is a jurisdictional matter in actions relating to consumer credit transactions.

¶ 28.   Subsequently, the 1987 legislature consolidated the venue provisions for consumer transactions and consumer credit transactions but treated the two venue provisions differently. *See* 1987 Wis. Act 208; Wis. Stat. § 421.401(2)(a) & (b)(1987–88). The Judicial Council Note to the 1987 legislation expressly declares that the substance of the special venue provision for consumer credit transactions, which included the jurisdictional language quoted above, was to be imported to Wis. Stat. § 421.401(2)(b), which relates only to consumer credit transactions. *See* Judicial Council Note, 1987 A.B. 309, § 5. Consequently, we read the

---

[14] The Legislative Reference Bureau analysis of this provision states:

> This bill also establishes venue requirements for all consumer credit transactions. The place of trial may be in the county where a customer resides, is personally served or signed the document evidencing the transaction or in the county where the collateral securing the transaction is located. If venue is improper, the court must dismiss the action unless the customer waives the improper venue. If the customer does not waive the improper venue, the court lacks jurisdiction other than to dismiss the action.

Analysis by the Legislative Reference Bureau, 1983 A.B. 1084.

§ 421.401(2)(b) phrase that "the court shall dismiss the action for lack of jurisdiction" as having the same meaning as the phrase in the predecessor statute that "the court shall lack jurisdiction other than to dismiss the action." Thus we conclude that when venue is defective in an action arising from a consumer credit transaction, any judgment except a judgment of dismissal is invalid when entered because the circuit court lacks jurisdiction other than to dismiss the action.

¶ 29. The 1987 legislature did not amend Wis. Stat. § 801.50(1) to take into account the special venue provision applicable to consumer credit transactions. So in 1987, as in 1983, the two venue provisions, §§ 801.50(1) and 421.401(2)(b), need to be harmonized. The only conclusion we can reach to give effect to both statutes is that the venue provision relating to consumer credit transactions, which was adopted after § 801.50(1) and is the more specific statute, governs consumer credit transactions.

¶ 30. This legislative history contravenes Community Credit's assertion that Wis. Stat. § 801.50(1), declaring that a defect of venue shall not affect the validity of a judgment, was intended to override the language of Wis. Stat. § 421.401(2)(b), declaring that a defect of venue in an action arising from a consumer credit transaction results in dismissal of the action for lack of jurisdiction. The legislative history supports the conclusion that such a defect in venue renders the replevin judgment invalid for purposes of Wis. Stat. § 425.206(1)(b) when entered.

¶ 31. Fourth, our interpretation that a defect in venue is a jurisdictional defect that renders a replevin judgment invalid at the time of entry for purposes of Wis. Stat. § 425.206(1)(b) advances the legislative goal

17

that a replevin action be brought in a county that is convenient for the customer. The Wisconsin legislature clearly intended the Wisconsin Consumer Act to assist consumers, particularly those of limited means, in combating unfair business practices.[15] The express legislative purposes are to protect consumers as follows: The Wisconsin Consumer Act (Wis. Stat. chs. 421–427) is intended to protect customers from "unfair, deceptive, false, misleading and unconscionable practices by merchants," Wis. Stat. § 421.102(2)(b), and "to permit and encourage the development of fair and economically sound consumer practices in consumer transactions," Wis. Stat. § 421.102(2)(c). The legislature also mandates that chapters 421 to 427 are to be "liberally construed and applied to promote their underlying purposes and policies." Wis. Stat. § 421.102(1).

¶ 32. One unfair business practice the legislature was specifically concerned about was that creditors were bringing replevin actions in counties that were unrelated to the transaction. The legislature wanted to prohibit creditors from forcing consumers to distant forums just to object to venue.

---

[15] As one observer of the Wisconsin Consumer Act's drafting process noted, the Wisconsin Consumer Act "goes further to protect consumer interests than any other such legislation in the country." Another commentator acknowledged that the Wisconsin Consumer Act's underlying purpose is to benefit consumers, particularly low income consumers, and is "probably the most sweeping consumer credit legislation yet enacted in any state." Jeffrey Davis, *Legislative Restriction of Creditor Powers and Remedies: A Case Study of the Negotiation and Drafting of the Wisconsin Consumer Act*, 72 Mich. L. Rev. 3, 6 (1973); Edward J. Heiser, Jr., *Wisconsin Consumer Act—A Critical Analysis*, 57 Marq. L. Rev. 389, 389, 481 (1974).

¶ 33.   This concern about the forum was clearly expressed in the federal consumer credit protection act, which provides a basis for interpreting the Wisconsin Consumer Act. *See* Wis. Stat. § 421.102(2)(d). Congress was well aware in enacting the federal act that the filing of actions against customers in distant forums is unfair and unjust:

> [T]his legislation also addresses the problem of "forum abuse," an unfair practice in which debt collectors file suit against consumers in courts which are so distant or inconvenient that consumers are unable to appear. As a result, the debt collectors obtain a default judgment and the consumer is denied his day in court.

S. Rep. No. 95–382, 95th Cong. 1st Sess. at 5 (reprinted in 1997 U.S. Code Cong. & Admin. News 1695, 1699).

¶ 34.   Community Credit argues that "[t]he venue statute governing consumer credit transactions is clearly *not* designed to assure customers that legal actions must be venued in the county where the customer resides, or, for that matter, a convenient county." Brief for Defendant-Respondent-Petitioner at 17. Responding to this argument, the court of appeals wrote: "This statement, at best, demonstrates a complete and utter misunderstanding of the purpose behind the WCA. At worst, it is a brazen misrepresentation of well-established Wisconsin law." *Kett*, 222 Wis. 2d at 125.

¶ 35.   Contrary to Community Credit's assertion, the Wisconsin Consumer Act is designed to prevent creditors from bringing replevin actions in distant locales and forcing customers to defend at distant locations or risk default judgment and repossession. We further agree with the court of appeals' conclusions

that in enacting chapters 421 to 427 the "legislature granted special protection to those buying on credit against having to defend in distant fora," and that "the act *is* meant to prevent creditors from dragging customers to defend in distant locales or risk default judgment and subsequent repossession." *Kett*, 222 Wis. 2d at 126, 127. We therefore view the issue of forum to be of central concern to the legislature when it enacted the Wisconsin Consumer Act venue provision.[16] This legislative intent and purpose regarding convenient forums for customers guide our interpretation and application of the venue provision of the Act.

¶ 36. Holding the default replevin judgments as invalid in this case for purposes of Wis. Stat. § 425.206(1)(b) when entered and applying the penalties of § 425.305 to Community Credit would induce compliance with the venue provision. A basic purpose of the remedies the legislature adopted in the Wisconsin Consumer Act is to "induce compliance with the Wisconsin Consumer Act and thereby promote its underlying objects." *First Wis. Nat'l Bank v. Nicolaou*, 113 Wis. 2d 524, 533, 334 N.W.2d 390 (1983). On the other hand, if this court were to interpret the Wisconsin Consumer Act to enable creditors to obtain default replevin judgments in violation of the venue provision and then use nonjudicial recovery to obtain possession of the collateral, creditors like Community Credit would have little if any incentive to commence replevin actions in a county of proper venue.

---

[16] *See also* Judicial Council Prefatory Note, 1983 Wis. Act 228, Wis. Stat. Ann. § 801.50 (1994):

> Present venue for small claims arising out of consumer transactions can be so inconvenient to the customer that prosecuting or defending these claims becomes prohibitively expensive.

20

¶ 37.   Considering the legislative goal of requiring creditors to commence replevin actions in a county convenient to the consumer and the purpose of the statutory remedies to induce compliance, we conclude that the legislature intended that a default replevin judgment in a consumer credit action entered in a county in violation of the venue provision would be invalid when entered for purposes of Wis. Stat. § 425.206(1)(b), and creditors such as Community Credit who exercise nonjudicial recovery under an invalid replevin judgment would be subject to the penalties imposed by § 425.305.

¶ 38.   Community Credit argues that the court of appeals failed to consider the implications of its decision, namely, that a defect in venue imposes significant damages on the merchant. It argues, as an example, that significant damages could potentially be imposed if a return date on a small claims summons is scheduled by the court on a day contrary to the time limitations mandated by the small claims act. We need not decide the hypothetical Community Credit poses. We need decide only the fact situation presented in this case relating to venue.

¶ 39.   Fifth, Community Credit errs in contending that the circuit court was at fault for entering the default replevin judgments despite the error in venue. According to Community Credit, if there was an error in venue, it was not its fault for bringing the actions in the wrong county, but rather the fault of the Milwaukee County Circuit Court for not dismissing the actions.[17] Community Credit interprets the venue statute as imposing a duty on the circuit court to dismiss

---

[17] Community Credit also appears to put the onus on the customers to raise the venue defect, even though the statute clearly states that if the venue is defective the circuit court shall

the action for lack of jurisdiction, rather than as imposing a duty on the creditor to file the action in the proper county.

¶ 40. Community Credit is mistaken in its argument that as a matter of law it has the right to commence replevin actions in any county subject only to the risk that upon return of the summons the circuit court would dismiss the action if it were not filed in the proper place. Nothing in the statutes shifts the responsibility for commencing a replevin action in the correct county from Community Credit to the circuit court. We agree with the court of appeals that "Community Credit seems to be saying that filing a replevin action in a county where venue does not lie is permissible as long as one does not get caught." *Kett*, 222 Wis. 2d at 125. We are not persuaded by Community Credit's argument.

¶ 41. Sixth, Community Credit mistakenly argues that because the only penalty for violation of venue is dismissal of the action, it is not subject to the penalties provided by Wis. Stat. § 425.305. Our interpretation of the statutes does not penalize Community Credit for violating the venue provisions. Instead, Community Credit is subject to the penalties imposed by § 425.305 for resorting to nonjudicial recovery of collateral based on default replevin judgments by a circuit court that was not the proper venue under Wis. Stat. § 421.401.

¶ 42. In summary, we have examined the interplay of several provisions: Wis. Stat. § 421.102 (purposes and rules of construction of the Wisconsin Consumer Act), §§ 421.401 and 801.50(1) (venue provisions), § 425.205 (replevin actions to recover

---

dismiss the action unless the customer appears and waives the improper venue.

collateral), § 425.206 (nonjudicial enforcement limited) and § 425.305 (penalties for violation of § 425.206). To comport with the legislative policies and the statutory provisions we conclude that the venue provision must be interpreted to protect consumers and favor their participation in the legal process. The legislature understood that consumers are likely to have limited resources, whereas creditors are more apt to have resources and be familiar with the law. If a replevin action is brought in a county that has no nexus with the consumer, the likelihood of a default judgment increases, the creditor is favored and the debtor is disadvantaged. We conclude that the legislature did not intend a default replevin judgment based on improper venue to result in a legally binding and enforceable judgment when, as in this case, the creditor resorts to nonjudicial recovery of the collateral. Creditors can protect themselves from the severe penalties for a violation of § 425.206 by commencing consumer credit actions in the proper venue.

■

¶ 43.  In this case, the default replevin judgments were entered in Milwaukee County Circuit Court in violation of the applicable venue provision of Wis. Stat. § 421.401(2)(b). Because the venue was wrong, the Milwaukee County Circuit Court had jurisdiction only to dismiss the actions and not to enter judgments. Because the default replevin judgments were entered by the Milwaukee County Circuit Court, which did not have jurisdiction to enter them, the judgments were invalid when entered for purposes of Wis. Stat. § 425.206(1)(b) and when Community Credit took possession of the vehicles by nonjudicial recovery. The judgments were thus not entered in a proceeding for recovery of collateral under Wis. Stat. § 425.205, as

required by Wis. Stat. § 425.206. By taking possession of collateral by nonjudicial recovery without a valid judgment under § 425.205, Community Credit is, as a matter of law, subject to the penalty provision of § 425.305.

## II

¶ 44. The second issue presented is whether Community Credit engaged in prohibited practices in violation of Wis. Stat. § 427.104(1)(h) and (j). Section 427.104(1)(h) and (j) provide that in attempting to collect an alleged debt, a debt collector shall not "engage in other conduct which can reasonably be expected to threaten or harass the customer" or "claim or attempt or threaten to enforce a right with knowledge or reason to know that the right does not exist." If Community Credit engaged in either of these prohibited practices, the customers are entitled to damages under Wis. Stat. §§ 425.304[18] and 427.105.[19]

---

[18] Wisconsin Stat. § 425.304 provides the following:

A person who commits a violation to which this section applies is liable to the customer in an amount equal to the greater of:

(1) Twice the amount of the finance charge in connection with the transaction, except that the liability under this subsection shall not be less than $100 nor greater than $1,000; or

(2) The actual damages, including any incidental and consequential damages, sustained by the customer by reason of the violation.

[19] Wisconsin Stat. § 427.105 provides in relevant part the following:

(1) A person injured by violation of this chapter may recover actual damages and the penalty provided in s. 425.304; but notwithstanding any other law actual damages shall include damages caused by emotional distress or mental anguish with or without accompanying physical injury proximately caused by a violation of this chapter.

24

¶ 45. The complaints alleged the circumstances surrounding the commencement of the replevin actions improperly venued in Milwaukee County and the pursuit of the default replevin judgments. The complaints further alleged that Community Credit knew that it had no grounds for venue of the actions in Milwaukee County and knew it had no basis for pursuing the default judgments it obtained.

¶ 46. The court of appeals held that Wis. Stat. § 427.014 applies to a creditor commencing an action to repossess secured collateral. The court of appeals further held that Community Credit engaged in prohibited debt collection practices as a matter of law. The court of appeals concluded that Community Credit had a duty to know that Milwaukee County was not the proper venue and that Community Credit's filing of a replevin action in Milwaukee County was an attempt to enforce a right it had reason to know did not exist.

¶ 47. Community Credit continues to dispute the applicability of chapter 427 to it because it claims it was not attempting to collect a debt. We agree with the court of appeals that the replevin actions were the first steps to deficiency judgments against the customers and that Wis. Stat. § 427.104 applies to a creditor commencing an action to repossess secured collateral.

¶ 48. Community Credit asserts that the customers are attempting to turn a defect in venue into an violation of chapter 427, that a violation of the venue provision is not the type of conduct that chapter 427 was designed to vindicate and that because the alleged violation of the Wisconsin Consumer Act relates to venue, the only penalties are dismissal of the action and perhaps the penalty provided in Wis. Stat. § 425.302(2), which is applicable to all violations for which no other remedy is specifically provided. As we

previously explained, we are not persuaded by Community Credit's position that its only violation is the violation of venue. As a result of the improper venue, Community Credit has violated other provisions of the Act for which penalties may be assessed.

¶ 49.  According to Community Credit, it cannot be liable for multiple penalties. It relies on *Associated Financial Services v. Hornik*, 114 Wis. 2d 163, 336 N.W.2d 395 (Ct. App. 1983). The *Hornik* court held that Wis. Stat. § 424.304 allows a consumer to collect one penalty assessment up to a maximum of $1,000 in addition to any actual damages in any action where the consumer establishes a violation to which § 425.304 is applicable. *Hornik*, 114 Wis. 2d at 173. In the instant review, Community Credit is subject to only one penalty under § 424.304 for the violation of § 427.104. Nothing in the decision of the court of appeals contravenes the *Hornik* holding.

¶ 50.  In sum, Community Credit has set forth no reason that persuades this court that the court of appeals erred in concluding that Community Credit engaged in prohibited debt collection practices as a matter of law by attempting to enforce a right it had reason to know did not exist.

### III

¶ 51.  The third and final issue presented is whether the customers are entitled to reasonable attorney fees under Wis. Stat. § 425.308. Section 425.308 provides that if the customer prevails in an action arising from a consumer transaction, the customer shall recover, in addition to costs and expenses, a reasonable amount for attorney fees.

¶ 52. Community Credit appears to take the position that violation of the venue statute (and violation of the other statutes resulting from violation of the venue statute) are not violations of the Wisconsin Consumer Act that would justify an award of reasonable attorney fees. Community Credit relies on *Suburban State Bank v. Squires*, 145 Wis. 2d 445, 427 N.W.2d 393 (Ct. App. 1988). In *Squires*, the court of appeals concluded that no violation of the Wisconsin Consumer Act had occurred and therefore concluded that no attorney fees would be awarded under the Act. In contrast to *Squires*, in the case at bar we have concluded that violations of the Act have occurred.

¶ 53. We agree with the court of appeals that the causes should be remanded to the two circuit courts for determination of reasonable attorney fees under Wis. Stat. § 425.308.

¶ 54. For the reasons set forth, we affirm the decision of the court of appeals, which remands the causes to the respective circuit courts for determination of appropriate damages under Wis. Stat. §§ 425.305 and 427.105, as well as reasonable attorney fees under § 425.308.

*By the Court.*—The decision of the court of appeals is affirmed.

¶ 55. JON P. WILCOX, J. (*dissenting*). The majority concludes that the legislature did not intend a replevin judgment based on improper venue to result in a legally binding and enforceable judgment when the creditor resorts to nonjudicial enforcement. Majority at 17, 23. Based on an error in venue, the creditor is, in effect, strictly liable and subject to disproportionate damages and attorney fees for enforcing its "invalid"

judgment (for wrongful repossession and prohibited debt collection). *See* Wis. Stat. §§ 425.304, 425.305, 425.308 and 427.105.[1] The 1971 legislature could not have intended an error in venue to result in such unfair consequences.

¶ 56. It is undisputed that the customers defaulted on their consumer credit loans. In fact, they have never raised a valid defense for their non-payment. Yet today the customers have hit the jackpot by simply defaulting on their consumer credit transaction. I believe the legislature intended the Wisconsin Consumer Act to provide more of a balance between the consumers' and the creditors' interests.[2] The balance is now tipped, and only further legislative action can equalize the scale.

¶ 57. Because I do not agree with the majority's mandate, I dissent.

---

[1] According to the majority, Community Credit is liable for the following damages: twice the amount of the finance charge in connection with the transaction up to $1,000 or the actual damages, including incidental and consequential damages, Wis. Stat. § 425.304(1) and (2); customer retains the goods, services or money without obligation to pay any amount, and recovery of any sums paid to the merchant, Wis. Stat. § 425.305; reasonable amount for attorney fees, Wis. Stat. § 425.308; and actual damages, including damages caused by emotional distress or mental anguish with or without accompanying physical injury, Wis. Stat. § 427.105.

[2] Jeffrey Davis, *Legislative Restriction of Creditor Powers and Remedies: A Case Study of the Negotiation and Drafting of the Wisconsin Consumer Act*, 72 Mich. L. Rev. 3, 6 (1973).

¶ 58.   I am authorized to state that Justices N. Patrick Crooks and David T. Prosser join in this dissenting opinion.