Denice Brunton,
Plaintiff-Appellant,

v.

Nuvell Credit Corporation,
Defendant-Respondent.†

Court of Appeals

*No. 2007AP1253. Submitted on briefs August 2, 2007.
—Decided December 30, 2008.*

2009 WI App 3

(Also reported in 762 N.W.2d 685.)

† Petition to review granted 4/14/09.

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Ivan J. Hannibal* and *P. Jeffrey Archibald* of *Archibald Consumer Law Office,* Madison.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Walter R. Stewart* and *Ethan T. Miller* of *W.R. Stewart & Associates, S.C.,* Madison.

Before Higginbotham, P.J., Dykman and Vergeront, JJ.

¶ 1. HIGGINBOTHAM, P.J. Denice Brunton appeals a summary judgment order dismissing her consumer protection action against Nuvell Credit Corporation. The circuit court granted Nuvell's motion for summary judgment upon concluding that under WIS. STAT. § 421.401(2)(b) (2005–06)[1] venue was improper and therefore it lacked competency to proceed. Because we conclude that Nuvell "appear[ed] and waive[d] the improper venue" within the meaning of § 421.401(2), we reverse the circuit court's order and remand for further proceedings.

---

[1] All references to the Wisconsin Statutes are to the 2005–06 version unless otherwise noted. Wisconsin Stat. § 421.401 provides, in part:

> (1) The venue for a claim arising out of a consumer transaction or a consumer credit transaction is the county:

> (a) Where the customer resides or is personally served;

> (b) Where collateral securing a consumer credit transaction is located; or

## BACKGROUND

¶ 2. Denice Brunton, a resident of Rock County, bought a new car in 2003 from Hesser Oldsmobile, Inc. ("Hesser"), a Rock County dealership. Brunton and Hesser executed a monthly installment contract, which Nuvell Credit Corp. ("Nuvell") later purchased from Hesser.

¶ 3. In late 2005, Brunton fell behind in her monthly payments to Nuvell. Nuvell began contacting Brunton to collect on the debt in November 2005. Brunton objected to Nuvell's collection practices and sued Nuvell in Dane County Circuit Court in December 2005, alleging violations of WIS. STAT. §§ 427.104(e), (h), (j) and (l) of the Wisconsin Consumer Act (WCA).

¶ 4. In February 2006, Nuvell filed a Notice of Appearance and an Answer denying Brunton's allegations. Over the next year, the parties litigated the dispute, engaging in discovery and making several court appearances.

¶ 5. In February 2007, Nuvell moved for summary judgment, pursuant to WIS. STAT. § 421.401 of the WCA, requesting dismissal for lack of jurisdiction be-

---

(c) Where the customer sought or acquired the property, services, money or credit which is the subject of the transaction or signed the document evidencing his or her obligation under the terms of the transaction.

(2) When it appears from the return of service of the summons or otherwise that the county in which the action is pending under sub. (1) is not a proper place of trial for such action, unless the defendant appears and waives the improper venue, the court shall act as follows:

(a) Except as provided in par. (b), if it appears that another county would be a proper place of trial, the court shall transfer the action to that county.

(b) If the action arises out of a consumer credit transaction, the court shall dismiss the action for lack of jurisdiction.

cause the action was improperly venued in Dane County. Brunton responded that, even if Dane County was an improper venue under the WCA, Nuvell had waived any challenge to venue by litigating the action for more than a year. Additional facts are provided as necessary in the discussion section.

¶ 6. The circuit court granted Nuvell's motion for summary judgment. The circuit court concluded that the venue requirement of Wis. Stat. § 421.401(2) was nonwaivable, relying on *Kett v. Community Credit Plan, Inc.*, 228 Wis. 2d 1, 12–15, 596 N.W.2d 786 (1999), and determined that Nuvell had not waived the improper venue. Brunton appeals.

## STANDARDS OF REVIEW

¶ 7. In reviewing the grant or denial of a motion for summary judgment, we apply the same methodology as the circuit court. *See Green Spring Farms v. Kersten*, 136 Wis. 2d 304, 314–16, 401 N.W.2d 816 (1987). We view the affidavits and other summary judgment submissions and all reasonable inferences drawn therefrom in the light most favorable to the nonmoving party. *See Johnson v. Rogers Mem'l Hosp., Inc.*, 2005 WI 114, ¶ 30, 283 Wis. 2d 384, 700 N.W.2d 27. A party is entitled to summary judgment if, on the affidavits and other summary judgment materials, there are no genuine issues of material fact and the party is entitled to judgment as a matter of law. Wis. Stat. § 802.08(2).

¶ 8. The summary judgment motion in this case turns on the interpretation of the venue section of the Wisconsin Consumer Act (WCA), Wis. Stat. § 421.401. Statutory interpretation is an issue of law that we review de novo. *Sands v. Whitnall Sch. Dist.*, 2008 WI 89, ¶ 14, 312 Wis. 2d 1, 754 N.W.2d 439.

317

## DISCUSSION

¶ 9.    In an action arising from a consumer transaction or a consumer credit transaction, venue is limited by WIS. STAT. § 421.401 to counties having some connection to the parties or to the transaction. Section 421.401(2) provides that when the action is based on a consumer credit transaction (as here), and "the county in which the action is pending . . . is not a proper place of trial for such action, unless the defendant appears and waives the improper venue, the court . . . shall dismiss the action for lack of jurisdiction."

¶ 10.    In *Kett*, the supreme court held that because a defect in venue deprives a court of jurisdiction under WIS. STAT. § 421.401(2)(b), default judgments obtained in replevin actions filed by a creditor in the wrong county were invalid. *Kett*, 228 Wis. 2d at 12–14. Discussing § 421.401(2)(b), the *Kett* court explained:

> The legislature's use of the words 'for lack of jurisdiction' . . . . reflects a clear legislative intent to prevent any judgment, other than a judgment of dismissal, from being entered in an action arising out of a consumer credit transaction when venue is improper and the customer has failed to appear and waive the defect.

*Kett*, 228 Wis. 2d at 14.

██

¶ 11.    The parties agree that the WCA's venue statute, WIS. STAT. § 421.401, and not the general venue statute, WIS. STAT. § 801.50,[2] applies in Brunton's action

---

[2] In contrast to WIS. STAT. § 421.401, the general venue statute, WIS. STAT. § 801.50, does not link venue to the jurisdiction of the court; § 801.50(1) provides that "[a] defect in venue shall not affect the validity of any order or judgment." Venue

arising from a consumer credit transaction, and they are correct. The parties also agree that § 421.401(2) provides that a party who appears in an action brought under the WCA may waive objection to improper venue. For her part, Brunton concedes that Dane County was not a proper venue for her action under § 421.401, and we agree.[3] Instead, Brunton argues that Nuvell "appear[ed] and waive[d] the improper venue" as provided in § 421.401(2) by actively litigating the case for one year before raising its venue objection. As a result, Brunton maintains, the circuit court had competency to adjudicate this case and erred in granting Nuvell's motion for summary judgment.

■

¶ 12. Before addressing Brunton's argument, we provide some necessary legal background. In *Kett*, the supreme court explained that "jurisdiction" as used in WIS. STAT. § 421.401(2)(b) does not mean subject matter jurisdiction—all circuit courts are vested with subject matter jurisdiction under the state constitution—but rather the competence of the circuit court to adjudicate the case before it. *See Kett*, 228 Wis. 2d at 13 n.12. Failure to comply with a statutory requirement such as § 421.401 "does not negate subject matter jurisdiction but may under certain circumstances affect the circuit court's competency to proceed to judgment in the par-

challenges must be filed "[a]t or before the time the party serves his or her first motion or responsive pleading in the action" unless the party, "despite [exercising] reasonable diligence . . . did not discover the grounds" for the challenge until a later time. Sec. 801.51.

[3] Brunton resides in Rock County, and Hesser is located in Rock County. Brunton concedes that no other connection to Dane County exists that would permit venue in Dane County under WIS. STAT. § 421.401(1).

ticular case before the court." *Village of Trempealeau v. Mikrut*, 2004 WI 79, ¶ 2, 273 Wis. 2d 76, 681 N.W.2d 190.

¶ 13. In *Mikrut*, the supreme court addressed whether a challenge to a court's competency based on the failure to comply with a statutory requirement could be waived and, if so, at what point in the litigation. The appellant, Mikrut, raised his competency challenge for the first time on appeal. The *Mikrut* court declined to consider his challenge, holding that an objection to the court's competency raised for the first time in a direct appeal is waived and will not be considered unless the reviewing court exercises its discretion to disregard the waiver. *Mikrut*, 273 Wis. 2d 76, ¶¶ 17, 27 (abrogating *In re Nadia S.*, 219 Wis. 2d 296, 303, 581 N.W.2d 182 (1998)). Further, to resolve an apparent conflict in the case law, the *Mikrut* court also declared that a defendant does not waive a competency challenge by failing to raise the challenge in a notice of appearance, thereby rejecting the so-called "pleading-waiver rule." *Id.*, ¶ 28 (*overruling Wall v. DOR*, 157 Wis. 2d 1, 7, 458 N.W.2d 814 (Ct. App. 1990)).

¶ 14. We observe that the particular statutory requirement affecting the court's competency in this case, WIS. STAT. § 421.401, expressly authorizes waiver, unlike the statutes affecting competency in *Mikrut*,[4] and *All Star Rent A Car v. Wisconsin Dep't of Transportation*, 2006 WI 85, 292 Wis. 2d 615, 716 N.W.2d 506,[5] another case involving waiver of a competency

---

[4] WISCONSIN STAT. §§ 66.0113(1)(c) (requiring municipalities to adopt a schedule of cash deposits for violations of certain ordinances) and 345.11 (providing authority to law enforcement agencies to issue uniform traffic citations).

[5] WISCONSIN STAT. § 227.53 (requiring petition seeking review of an agency decision to name the proper parties and to file and serve the parties within thirty days after service of the

objection. The existence of an explicit waiver provision may suggest that the venue requirement of the WCA is even more amendable to waiver than other requirements affecting competency that lack such provisions. But the statutory language authorizing waiver that is at issue here—"unless the defendant appears and waives the improper venue," § 421.401(2)—does not answer the question of when a defendant should be deemed to have waived a challenge of improper venue.

¶ 15.   Nuvell contends that WIS. STAT. § 421.401(2) requires an affirmative act by the defendant to execute a waiver of improper venue. Thus, in Nuvell's view, its mere participation in the litigation did not result in waiver of improper venue. Nuvell maintains that an affirmative act requirement is suggested by the following language in *Kett*, "if the customer does not waive the improper venue, the court lacks jurisdiction other than to dismiss the action," *Kett*, 228 Wis. 2d at 16 (citation omitted), and by the supreme court's rejection of the pleading-waiver rule in *All Star Rent A Car* and *Mikrut*.

¶ 16.   We conclude Nuvell's argument that WIS. STAT. § 421.401(2) requires an affirmative act of the defendant to waive improper venue is without merit. The statute itself does not expressly impose an affirmative act requirement; it provides only that a defendant may "appear[] and waive[]" improper venue. The statu-

decision of the agency). In *All Star Rent A Car v. Wisconsin Dep't of Transportation*, 2006 WI 85, ¶¶ 54–58, 292 Wis. 2d 615, 716 N.W.2d 506, the supreme court reaffirmed its rejection of the pleading-waiver rule stated in *Village of Trempealeau v. Mikrut*, 2004 WI 79, ¶ 23, 273 Wis. 2d 76, 681 N.W.2d 190, and held that the Department of Transportation did not waive improper venue under § 227.53 by twice appearing in court before raising the objection.

tory language also does not imply any such requirement. Moreover, we fail to see how the above-cited language in *Kett* or the supreme court's rejection of the pleading-waiver rule in *All Star Rent A Car* and *Mikrut* may be read to impose such a requirement. Thus, absent an affirmative act requirement in either the statute or the case law, we examine whether Nuvell's conduct constituted waiver of improper venue under § 421.401(2).

¶ 17.   Under the following procedural facts of this case, we conclude that Nuvell "appear[ed] and waive[d]" its objection to improper venue within the meaning of WIS. STAT. § 421.401(2) at some point prior to filing its venue challenge. In the year before Nuvell raised its objection of improper venue, both parties actively litigated this case. For Nuvell's part, it filed a notice of appearance and an answer without objecting to venue. It filed a "Pretrial/Scheduling Data Sheet" a day before the pretrial/scheduling conference with the circuit court. The notes of a July 2006 pretrial conference indicate that the parties anticipated taking at least nine depositions in preparation for a two- to four-day trial. Both parties conducted extensive discovery between December 2005 and February 2007. Although we need not decide precisely when Brunton waived the improper venue, we conclude that Nuvell appeared and waived its objection to improper venue by its active participation in this litigation for over one year prior to raising its venue objection.

## CONCLUSION

¶ 18.   In sum, we conclude that Nuvell, by actively defending against Brunton's action for over one year prior to filing its challenge of improper venue, "ap-

pear[ed] and waive[d] the improper venue" within the meaning of WIS. STAT. § 421.401(2). We therefore reverse the circuit court's order and remand for further proceedings.

*By the Court.*—Order reversed and cause remanded for further proceedings.