John A. Vassh, Plaintiff-Respondent,
v.
Janlyn M. Lahti, Defendant-Appellant.
No. 04-0240.
Court of Appeals of Wisconsin.
Opinion Filed: October 13, 2004.
¶1 SNYDER, J.[1]
Janlyn M. Lahti appeals from a small claims judgment in favor of John A. Vassh. Lahti requests that we reverse and enter judgment on her behalf or remand the matter for a new trial. We affirm the judgment of the trial court.
¶2 On June 26, 2003, Vassh served a small claims complaint on Lahti which alleged:
In January of 2003, the Plaintiff provided Excavating Services to the Defendant at her request, on certain property she owns located at 11852  213th Avenue in Bristol, Wisconsin. In addition to excavating a basement, your Plaintiff trucked in 24 tons of #3 Tone, dug Test Holes, and Backfilled a Frost Wall. The total bill for the Plaintiff's services rendered to the Defendant was $4,465.51, of which $500.00 was received on 03/17/03. To date, despite numerous and repeated requests for payment, the Defendant neglects and refuses to pay the balance due and owing.
¶3 Lahti filed an answer to Vassh's complaint on August 19, 2003, responding that Vassh had not completed the job, that if the job was completed it was not worth the amount charged, that Vassh was a subcontractor who should have been paid by a general contractor, and that Vassh did not comply with the Wisconsin Fair Debt Collection Act. The matter was tried to the court on January 5, 2004.
¶4 Trial testimony was offered by Vassh, his wife Sandra, Lahti, and Terrance Downes, who worked with Vassh on the excavation job. Vassh testified that in January 2003, he dug footings, a basement, and a frost wall for Lahti. He also put in a gravel driveway prior to the excavation. Vassh stated that he had met with Lahti on the site of the work, that Lahti provided a print of the work, and that he did the excavation work directly for Lahti. Vassh billed Lahti $3084.51 for the excavation work on January 8, 2003, and $1381 for backfilling on January 17, 2003. In March 2003, Lahti paid $500 of the amount due but refused to pay the rest.
¶5 Lahti testified that she had a contract with Timothy Stys, a general contractor, to move a house purchased from the Department of Transportation (DOT) onto the property excavated by Vassh. Lahti said that Stys hired Vassh to do the excavation work, that the excavation work "was done in December," and that Vassh sent her a bill in January "after it was evident that Tim Stys was not going to move this house." Lahti did not present a copy of the Stys contract. She conceded that Vassh dug the foundation, poured footings, and provided gravel at the excavation site. Lahti testified that the DOT house had been demolished and that she was in the process of building a house on the foundation provided by Vassh at the site.
¶6 Vassh stated that he never had a contractual relationship with Stys or any other general contractor concerning the work performed for Lahti. Downes testified that he worked with Vassh and that he was directly involved in the excavation/testing work for Lahti. Downes stated that Stys was not involved in the Lahti excavation project and that Downes was paid by Vassh. Sandra Vassh testified that she did the book work for Vassh, that she received the $500 payment from Lahti, and that Stys was not involved in the Lahti excavation job performed by Vassh.
¶7 Lahti conceded that she owed Vassh a balance for the excavation work that he had completed but disagreed with the amount. Lahti testified that she owed Vassh "[p]robably $1600." Lahti said that amount included approximately $1000 for the excavation, $420 for the driveway work, and $250 for digging the test holes.
¶8 At the conclusion of the trial evidence, the trial court orally stated on the record its findings and conclusions in support of the judgment. See WIS. STAT. § 805.17(2). Judgment was entered in favor of Vassh in the amount of $3965.51, plus costs and fees of $105, in the total amount of $4070.51.
¶9 Lahti presents appellate issues that were not raised or argued in the trial court during the small claims proceedings. She complains that a valid contract did not exist with Vassh, that if a contract did exist it was void, that Vassh failed to establish a quantum meruit claim, and that it would be inequitable to award damages to Vassh on a quantum meruit theory. Lahti further contends that Vassh failed to establish the value of his services.
¶10 Lahti, acting pro se during the trial court proceeding and now represented by appellate counsel, relates that "[t]he posture of this case is unfortunate and in many ways shows one of the shortcomings of the small claims procedure." We surmise that those procedural shortcomings are Lahti's pro se failure to present the issues to the small claims court that she now raises on appeal. However, pro se litigants are not entitled to leniency. "They are bound by the same rules that apply to attorneys on appeal." Waushara County v. Graf, 166 Wis. 2d 442, 452, 480 N.W.2d 16 (1992); see also Holz v. Busy Bees Contracting, Inc., 223 Wis. 2d 598, 608-09, 589 N.W.2d 633 (Ct. App. 1998) (at a minimum, pro se appellant must show factual or legal basis for undoing trial court's findings).
¶11 We will generally not review issues raised for the first time on appeal. Wirth v. Ehly, 93 Wis. 2d 433, 443-44, 287 N.W.2d 140 (1980). Issues raised in the trial court but not briefed or argued to the trial court are deemed abandoned. State v. Johnson, 184 Wis. 2d 324, 344-45, 516 N.W.2d 463 (Ct. App. 1994). We see no reason to stray from those standards of review because Lahti appeared pro se in a small claims proceeding. We view the sole appellate issue here as Lahti seeking a reduction of the judgment damages.[2]
¶12 "Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." WIS. STAT. § 805.17(2). The standard of review for damages reduction is whether the trial court erroneously exercised its discretion. See Krueger v. Mitchell, 106 Wis. 2d 450, 460, 317 N.W.2d 155 (Ct. App. 1982). Like the trial court, we must reasonably view all the damages evidence as a whole and resolve conflicting testimony in Vassh's favor. If there exists a reasonable basis for the trial court's determination, we must uphold the trial court's exercise of discretion. See id. at 461.
¶13 Lahti conceded during her trial testimony that Vassh had performed excavation work for her at her request, but opined that the value of those services was approximately $1600 rather than the amount billed by Vassh. It is undisputed that Lahti paid $500 in response to Vassh's services and billing. The trial court found that "[w]hat we have here is work that was done and it's agreed by [Lahti] that she owed Mr. Vassh some money. She just disputes the amount." The trial court concluded that "with respect to Mr. Vassh you [Lahti] did receive the benefit of the bargain and [Vassh] did the work and that his amounts are fair."[3]
¶14 While Lahti disputed the amount of Vassh's billing, we conclude that the trial court's determination of damages was reasonable and based upon sufficient record evidence. Because the trial court's exercise of discretion was not erroneous, we further conclude that Lahti has failed to establish that she owed Vassh an amount less than Vassh demanded in this small claims action.
By the Court.  Judgment affirmed.
NOTES
[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(a) (2001-02). All references to the Wisconsin Statutes are to the 2001-02 version unless otherwise noted.
[2] An appellate court is not required to address the appellate issues as structured by a party. See State v. Waste Mgmt. of Wis., Inc., 81 Wis. 2d 555, 564, 261 N.W.2d 147 (1978).
[3] In addition to the trial testimony concerning the monetary amount of the services rendered, the trial court found that "Exhibit Number 2 and 3 support the claim that [Vassh] has filed here" and that "Mr. Vassh is entitled to judgment in the amount totaled on Exhibit Number 2, which is really a combination of Exhibits 1 and 2, the two invoices for payment giving [Lahti] credit for the $500." Exhibits 1 to 3 were received into evidence at trial but are not included in the appellate record. When an appeal is brought upon an incomplete record, we assume that every fact essential to sustain the trial court's decision is supported by the record. Suburban State Bank v. Squires, 145 Wis. 2d 445, 451, 427 N.W.2d 393 (Ct. App. 1988).